# Carmichael v. Hays.

*Motion for Summary Judgment against Tax-Collector and Sureties on his Official Bond.*

1. *Statutes omitted from Code.*—A general statute of a public nature, in force when the Code of 1876 was adopted and promulgated, and not embraced therein, was repealed by virtue of such omission and the laws providing for the preparation, revision, adoption and promulgation of that Code; and such omitted statute could not again become operative, without a legislative re-enactment in accordance with constitutional requirements.

2. *Summary proceeding against tax-collector and sureties.*—The summary remedy, by notice and motion, against a defaulting tax-collector and the sureties on his official bond, as contained in the Revised Code of 1867 (§§ 3059-60), having been omitted from the Code of 1876, and not having been since re-enacted as a law, is no longer of force.

APPEAL from the Circuit Court of Chilton.

Tried before the Hon. JOHN HENDERSON.

H. C. TOMPKINS, Attorney-General, for the appellant.—Sections 3059-60 of the Revised Code, under which this proceeding was instituted, was, by some oversight, omitted from the Code of 1876; and the only question presented by the record is, whether they were thereby repealed. The Code of 1876 was presented to the General Assembly at the session of 1876-7, and was adopted by the act approved February 2d, 1877.—See Code, p. 3. There is nothing in that act repealing any statutes omitted from the Code; but the 10th section of the Code itself, as reported and adopted, provided that, subject to certain exceptions, all statutes of a general, public, and permanent nature, not therein included, should be repealed; and it is conceded that sections 3059-60 of the Revised Code do not come within the exceptions. But the said act of February 2d, adopting the Code, provided that it should not become operative until the expiration of thirty days after the governor's proclamation announcing its publication; and this proclamation was not made until December, 1877. Therefore, until some time in January, 1878, said section (10) had no force or effect, and sections 3059-60 of the Revised Code continued in full force and effect until that time. But, in the meantime, on the 3d February, 1877, the General Assembly passed another act, requiring the commissioners to supervise the publication of the Code, and to insert in it, among other things, "all laws of a general, public,

and permanent nature, now in force, and not incorporated in the work as reported by said commissioners."—See the statute, pp. 3-4, Code of 1876. These sections of the Revised Code, as above shown, were then of force; and it was the duty of the commissioners, as expressly directed, to incorporate them into the Code. This is the latest expression of the legislative intention, and shows clearly that these omitted sections were then in force, and were intended to be continued in force. The mere failure of the commissioners to perform their duty, cannot be allowed to thwart the legislative will, and effect a repeal of valid laws—that could only be done by the General Assembly itself, acting in accordance with constitutional requirements.

WM. A. COLLIER, *contra.*

SOMERVILLE, J.—This is a summary motion, made by the auditor of the State, against Hays, one of the appellees, and the sureties on his official bond as tax-collector of the county of Chilton. It is based on sections 3059 and 3060 of the Revised Code of 1867, which, by inadvertence or otherwise, were omitted from the present Code of 1876. The question is presented for our decision, whether such omission operated as a repeal of these sections; the court below having dismissed the motion, on the ground that there was no law in force authorizing its maintenance.

The several statutes, authorizing the revision, digesting, and promulgation of the public laws of the State, and the one adopting the present Code of 1876, are found in the Code, on pages 1 to 5. Without undertaking to discuss these statutes, in their various details, we announce our satisfaction with the conclusion reached on this subject by this court in *Ulmer v. State,* 61 Ala. 208, that the omission of a public statute from the Code of 1876, which is of a general nature, operated to repeal it by virtue of the act of February 2, 1877.—Code, p. 3. The intention of the legislature, we think, was, that the Code of laws authorized to be prepared in due form by the commissioners, examined by the governor, and reported to that body for adoption, and which was adopted, and again subjected to revision, and was promulgated by the governor's proclamation, to take effect on December 9, 1877, should contain *all* the public statutes of the State, and that all others, not so incorporated, should be considered as repealed. The law in question, having been repealed by the act of February 2, 1877, adopting the present Code, it could not be revived, so as to again become a law, without legislative *re-enactment* in accordance with the

[Wright v. Smith.]

forms prescribed by the constitution; and this has never been effected.—See *Bales v. State*, 63 Ala. 60; *Taylor v. State*, 62 Ala. 164; *Hoover v. State*, 59 Ala. 57; *Steele v. State*, 61 Ala. 213; *Dane v. McArthur*, 57 Ala. 448; where points germane to the one under consideration are discussed.

The judgment of the lower court is affirmed.