CITY OF TYLER V. TYLER BUILDING AND LOAN ASSOCIATION.

No. 1417.   Decided May 1, 1905.

**1.—Municipal Bonds—Innocent Purchaser—Notice.**

A purchaser of the bonds of a city must take notice of the requirements of our Constitution and the laws of the State, and must see that the city has complied with such requirements, and that the ordinance authorizing their issuance has been duly passed and confers the necessary authority; but he is not charged with notice of other parts of the record, not connected with the bonds offered for sale.   (P. 9.)

**2.—Same—Refunding Bonds—Original Debt—Estoppel.**

Though city bonds issued for the purchase of water works were invalid for want of authority in the city, at the time, to issue them, refunding bonds sold on the market for money to take them up were valid in the hands of an innocent purchaser, the city being estopped by the recitals contained in the ordinance authorizing their issuance, and upon the face of the bonds, that they were issued for the refunding of a valid indebtedness of the city, and by the indorsement of the Attorney–General, under Art. 918f, Rev. Stats., that they were valid and duly registered, from questioning the validity of such original indebtedness.   (P. 9.)

**3.—Rulings Affirmed.**

The rulings announced in the opinion in this case upon certified questions, 98 Texas, 69, adhered to.   (Pp. 9, 10.)

**4.—Estoppel—City—Taxpayer.**

Whatever estops a city from making defence against its bonds in the hands of an innocent purchaser, will equally preclude a taxpayer from resisting a levy of taxes by the city to meet such indebtedness.   (Pp. 9, 10.)

Error to the Court of Civil Appeals for the First District, in an appeal from Smith County.

The city of Tyler sued the Tyler Building and Loan Association for the recovery of city taxes. Defendant had judgment, except as to the portion of the taxes not contested. On appeal by plaintiff the judgment was reversed and rendered for appellant for a part of the disputed taxes also. Both parties applied for, and obtained, writs of error. The answer of the Supreme Court to questions certified while the case was before the Appellate Court is reported in 98 Texas, on page 69.

*R. P. Dorough* and *D. M. Reedy*, for plaintiff in error, the City of Tyler.—The Court of Civil Appeals erred in holding the "Water Works" bonds invalid and, for that reason, denying appellant the right to collect the tax levied for the purpose of paying the interest and creating a sinking fund on said issue of bonds. Rev. Stats., art. 918f; Winston v. City of Ft. Worth, 47 S. W. Rep., 740; Tulaire Irrigation District v. Shepard, 185 U. S., 1; Waite v. Santa Cruz, 184 U. S., 302; King v. City of Superior, 117 Fed. Rep., 113; City of Beatrice v. Edminson, 117 Fed. Rep., 433; Wetzell v. City of Paducah, 117 Fed. Rep., 654; Andes v. Ely, 158 U. S., 312; Evansville v. Dennett, 161 U. S., 434; Township of Pompton v. Cooper Union, 101 U. S., 196; Municipal Trust Co. v. Johnson City, 116 Fed. Rep., 458; Board of Commissioners v. Vandriss, 115 Fed. Rep., 866; City of Kearney v.

Woodruff, 115 Fed. Rep., 90; Color v. Dwight School Township, 55 N. W. Rep., 587; Town of Brewton v. Spira, 17 So. Rep., 606; Fairfield v. Rural Independent School District, 116 Fed. Rep., 838.

*Duncan & Lasseter,* for defendant in error, Tyler Building and Loan Association.

[See their brief in report of opinion on certified questions, 98 Texas, pages 70-73.]

BROWN, ASSOCIATE JUSTICE.—We adopt this statement of the case in the opinion of the Court of Civil Appeals:

"The city of Tyler assuming to act in the premises as a city of more than ten thousand inhabitants, incorporated under the general laws, brought this suit against appellee to recover municipal and school taxes alleged to be due it by appellee for the years 1898, 1899, 1900 and 1901.

"Plaintiff averred that having incorporated under the general laws in 1877 its mayor in 1894, in pursuance of a resolution passed by its council, procured a census of the city to be taken, which having been done, it was in 1895 duly declared by resolution to be a city of over ten thousand inhabitants and that it thereafter acted as such.

"The taxes sued for are in excess of what may have been lawfully levied by a city of less than ten thousand inhabitants, but within the power of a city of the class alleged.

"The action is a simple suit for taxes and the appellee answered and defended in its capacity as a private taxpayer.

"The taxes within the power of a city of ten thousand and less to levy and assess were conceded to be due, were tendered and recovery was had therefor. The recovery of the excess was resisted by appellee on the ground, among other things, that the inhabitants of the city of Tyler had never at any time been as many as ten thousand in number and the city therefore had no power to levy the excess in question.

"To this defense the city excepted on the ground that the issue of the number of inhabitants of the city and its consequent right to act as and exercise the powers of a city of over ten thousand can not be raised in a proceeding of this sort.

"In the answer it was also averred that a part of the taxes sought to be recovered were levied to pay interest on and create a sinking fund for the discharge of certain outstanding water works bonds issued in 1882 by the city prior to its assumption of the powers of a city of over ten thousand inhabitants and of certain funding bonds issued in lieu thereof and the payment of the taxes levied for this purpose was resisted on the ground that a city of ten thousand and less at the time of the issuance of the original bonds had no power to issue bonds for such a purpose; that the original bonds were therefore void and the funding bonds also void.

"Defendant also resisted the levy to pay two issues of funding bonds, the first made in 1891 to fund the city's floating debt, the second issued in 1896 to fund the floating debt accruing since the issue of 1891. Each of these bond issues was for $34,000.

"The cause was submitted to the jury upon special issues, and upon

their answers judgment was rendered only for the amount tendered and conceded to be due.

"It was shown upon the trial that upon the date alleged in the petition, a census having been taken, the city council by resolution declared the city to have over ten thousand inhabitants and proceeded to act and thereafter acted as a city of that class. The taxes sued for were levied and assessed upon that assumption and in issuing the funding bonds in question and other bonds it had satisfied the Attorney General of the State of its right to so act and so secured his approval of the bonds.

"The jury found upon sufficient evidence that the plaintiff city had never at any time had as many as ten thousand population, whereupon the city's recovery was limited to the amount conceded to be due."

The trial court upon the verdict of the jury entered judgment for the defendant, the Loan Company, which was by the Court of Civil Appeals reversed and judgment rendered for the city for all taxes sued for except that which was levied under the ordinance of the city passed on the 4th day of August, 1899, which ordinance authorizing the issuing of twenty-one bonds for one thousand dollars each, and provided for the levy of taxes to create a sinking fund and pay interest on such bonds. That ordinance contains the following recital: "Whereas the city of Tyler, Texas, is legally indebted on its outstanding water works bonds, heretofore issued by the said city, for the purpose of constructing and providing water works, which bonds bear interest at the rate of seven percent per annum, and are in all respects legal and valid obligations against the said city, and the said city has the privilege or option of paying and redeeming the said outstanding bonds to the amount of $21,000.00, and can do so with bonds bearing a less rate of interest and to the benefit and advantage to the said city." That ordinance authorized the issuance and sale of the twenty-one bonds of one thousand dollars each. The bonds were issued as authorized, were approved by the Attorney General and regularly registered by the Comptroller as required by law. Each bond contained this recital: "This bond is one of a series of twenty-one (21) bonds of like date, tenor and amount aggregating $21,000.00, issued for the purpose of paying and refunding a like amount of valid outstanding bonds heretofore legally issued by the said city. It is hereby recited and certified that legal provision has been made for the levy and collection of an annual tax sufficient for the payment of the interest herein as it becomes due and to provide a sinking fund for the payment of the principal hereof at maturity; and that all acts, conditions and things required or proper to be done precedent to or in the issuance of this series of bonds or of the bonds hereby refunded were and have been legally had, done and performed; that neither the amount of this bond, together with all the other indebtedness of said city nor the said tax levy for the payment hereof, exceed any statutory or constitutional limitation thereon. For the payment of both principal and interest hereof the full faith, credit and resources of the said city are hereby irrevocably pledged."

The twenty-one bonds were sold in the market in New York and the proceeds thereof were used to take up the twenty-one bonds of one

thousand dollars each, issued by the city of Tyler and sold for the purpose of purchasing water works in 1882. Neither the ordinance which authorized the issuance of the bonds nor the bonds themselves stated the date of the bonds which were to be taken up.

A purchaser of the bonds of a city must take notice of the requirements of our constitution and the laws of the state, and must see that the city has complied with such requirements. As a city in this state can not issue funding bonds except by an ordinance duly passed (Rev. St., Art. 465), a purchaser of such bonds must look to the ordinance to see that it has been regularly passed and that it confers authority for the issuance of the bonds offered for sale. (Ball, Hutchings & Co. v. Presidio Co., 88 Texas, 65.) But such purchaser is not charged with notice of other parts of the record not connected with the bonds offered for sale. (Mitchell Co. v. Bank, 91 Texas, 380-1.)

Assuming that the water works bonds issued by the city in 1882 were void, still the bonds issued for the purpose of refunding them are valid in the hands of innocent purchasers, because the city is estopped by the recitals contained in the ordinance of August 4, 1899, and the bonds, to deny their validity. (Mitchell Co. v. Bank, 91 Texas, 382; Ball, Hutchings & Co. v. Presidio Co., 88 Texas, 65; Waite v. Santa Cruz, 184 U. S., 318.) In addition to the recitals by the city council those bonds bear the indorsement of the Attorney-General of the State to the effect that they are valid and were duly registered. By Article 918f, Revised Statutes, they are prima facie valid, subject only to the defense "of forgery or fraud, as against their validity." Assuredly a purchaser might rely upon the truth of this evidence. The purpose of the law was to secure proper action on the part of officers in creating such debts and to make the bonds evidence of a full compliance with the law. It follows that the city was entitled to recover against the defendant for the taxes levied for the years 1899, 1900 and 1901, to create a sinking fund and pay the interest upon the bonds issued under the ordinance of August 4, 1899, and the Court of Civil Appeals erred in not rendering judgment therefor. The bonds of 1882 are conceded to have been void, therefore, the city can not recover the taxes levied for 1898 to create a sinking fund and pay interest on them.

The Tyler Building and Loan Association presented an application for writ of error which was granted because the court had granted the application of the City of Tyler, that the whole case might be before the court. We have examined all the assignments in the application for writ of error and find that they are embraced in the opinion of this court in this case upon certified question, and we see no reason to change that opinion. It is urged that although the city might be estopped from denying its liability upon the bonds, yet the taxpayers would be entitled to defend against the city if the bonds were void in fact. Taxpayers can defend against a city for the assessment of taxes made to pay interest and create a sinking fund on bonds which are void, but they must prove conclusively that the bonds are void in the hands of any holder, so that there can be no recovery by the holder of the bonds against the city, otherwise there would be the anomalous condition of a city, which represents its inhabitants, being bound by an obligation which is not binding upon the people who compose the city.

To state the proposition is to answer it and it needs no argument for its refutation.

The judgment of the Court of Civil Appeals will be reversed and such judgment will be here entered as the district court should have entered upon the facts of the case and the findings of the jury. It is therefore ordered that the city of Tyler do have and recover of the defendants, the Tyler Building and Loan Association, the sum of $982.71, with interest at six percent from July 16, 1903, and all costs in this behalf expended; that this judgment be certified to the district court for enforcement.

*Reversed and rendered.*