174 So. 41

**LONG et al., Members of State Tax Commission, v. ALABAMA HIGHWAY CORPORATION.**

**3 Div. 206.**

Supreme Court of Alabama.
April 22, 1937.

Rehearing Denied April 29, 1937.

A. A. Carmichael, Atty. Gen., and Thos. S. Lawson, Asst. Atty. Gen., for appellants.

Lawrence H. Lee, of Montgomery, for appellee.

GARDNER, Justice.

This appeal involves the validity of the Act approved September 13, 1935 (Gen. Acts 1935, p. 1006), and the validity of the proposed issuance of interest bearing warrants or bonds as thereby authorized.

Complainant, Alabama Highway Corporation, is a corporation duly organized in accordance with the plain terms of the above-noted statute, and that its authority therein is somewhat limited, does not reflect upon the good faith of its organization, or its authority to do and perform the things designated in said act. It is properly to be designated as an arm or agency of the state, and similar in character to other corporations, the corporate existence and powers of which have heretofore been approved by this court. Alabama State Bridge Corporation v. Smith, 217 Ala. 311, 116 So. 695; Scott v. Alabama State Bridge Corporation (Ala.Sup.) 169 So. 273[1]; C. B. Rogers, President Alabama Bridge Authority, v. Garlington, ante, p. 13, 173 So. 372.

The purpose of the act, as stated in its title, is to obtain funds for public road purposes to match federal funds for like purposes, as required by the federal act. To accomplish this purpose, the corporation is authorized by the act of 1935 to is- sue its interest bearing warrants or bonds, or other evidence of indebtedness, but under the express provisions of section 14 of the act no such evidence of indebtedness shall be a debt of the state, nor is the faith and credit of the state in any manner pledged or involved. The purchaser or any holder of such corporate evidence of indebtedness shall look solely to funds actually appropriated to and under control of the corporation for the payment thereof.

It is clear section 213 of the Constitution is in no manner infringed upon. Rogers, President Alabama Bridge Authority, v. Garlington, supra; Scott v. Alabama Bridge Corporation, supra. And these same authorities sustain a like conclusion as to sections 93 and 94 of our Constitution, which this act in nowise offends. These questions have been heretofore fully considered in the above-cited cases, and need no further discussion here.

The bonds or warrants proposed to be issued by complainant corporation, as previously observed, in no manner involve any liability on the part of the state of Alabama, and the conclusion sustaining the validity of the proposed issue is not in conflict with any ruling of Hall v. Blan, 227 Ala. 64, 148 So. 601.

The funds sought to be pledged are provided for by section 6 of the act, as one-twelfth of the excise tax on gasoline as levied in Schedule 156.1, and defined in Schedule 156 of chapter 4, article 13 of House Bill 324 (Act No. 194 of the Legislature, approved July 10, 1935 [Gen. Acts 1935, pp. 256, 508]), but to be paid out of the state's part of said tax, and not out of that part allocated to the several counties of the state. But the language of the act clearly discloses that such a pledge is not irrevocable, but subject to future legislative control or repeal. A purchaser or holder of any security issued under this act would therefore take the same with the knowledge that the credit of the state is not in any manner pledged therefor, and that the pledge of the gasoline funds is not irrevocable but subject to repeal by subsequent legislation. These gasoline funds are derived from a special excise tax, and are earmarked from the period of their receipt to their disbursement. They are not a part of the general funds of the state, and, therefore, do not come within the Budget Act (Gen.Acts 1932, Ex.Sess., p.

1 233 Ala. 12.

35), as contained in the Constitution (Amend. art. 23 [see Gen.Acts 1933, Ex. Sess., p. 196]) and laws of Alabama. Abramson v. Hard, 229 Ala. 2, 155 So. 590. The right to segregate and pledge these funds for appropriate purposes has been upheld. Scott v. Alabama State Bridge Corporation, supra; Lee v. City of Decatur, 233 Ala. 411; 172 So. 284; Rogers, President Alabama Bridge Authority, v. Garlington, supra.

■ The pledge of the gasoline tax funds in the instant case will not conflict with prior pledges of funds under article 20A of the Constitution, known as Amendment 21, and the acts relating to the Alabama State Bridge Corporation. Gen.Acts 1927, p. 278; Gen.Acts 1935, p. 602. This for the reason that these prior pledges have precedence over this pledge, and the pledge of the funds in this instance will, therefore, be subordinate to these prior pledges, and of consequence not in conflict therewith. Complainant corporation is specifically authorized to contract for the highway work in the state with the State Highway Commission, and to deliver its funds from time to time for such purpose. The funds are under legislative control; the commission is a branch of the state government, and complainant an agency of the state. This arrangement is therefore appropriate and without legal objection.

■ Notwithstanding the language of section 4 of the act as to the use of the funds for the construction of roads and bridges in the state, we think the real legislative intent as to the use of such funds is found in section 15, and the language of that section clearly demonstrates that these funds are to be used only for paving roads already graded and ready for pavement, and, also, for the construction of bridges and culverts in connection with said pavement.

As many of the questions here for decision have been the subject of discussion in the cases herein noted, further treatment is deemed unnecessary. There is here no occasion to enumerate the several inquiries. Suffice it to say we are of the opinion the chancellor correctly decreed, and that his decree should be accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

