176 So. 367

## In re OPINION OF THE JUSTICES.
### No. 44.

Supreme Court of Alabama.

Oct. 14, 1937.

———◆———

Response to Questions Propounded by Governor.

Questions propounded by the Governor to the Justices of the Supreme Court under Code 1923, §§ 10290, 10291.

Questions answered.

To the Honorable Justices of the Supreme Court of Alabama:

Under the provisions of section 10290, et seq., of the 1923 Code of Alabama, as amended, I beg to request your advisory opinion on important constitutional and legal questions concerning the matter hereinafter set forth:

Sections 932–934 of the Code of Alabama of 1923 authorize the State of Alabama, through its therein designated representatives, to acquire by purchase such real property in the City of Montgomery in proximity to the Capitol for the use of the State of Alabama, and for State purposes, as in the judgment of said State representatives may be necessary; and further, appropriate out of the State Treasury a sum of money sufficient to acquire and purchase such property, and prescribe the manner of paying therefor; and further provided that no money be expended for such purchase, unless in the opinion of the State's said representatives the condition of the Treasury justifies the same.

The State, through its said authorized representatives, is desirous of purchasing certain real property in the City of Montgomery in proximity to the Capitol for the use of the State of Alabama, and for State purposes; and its said designated representatives are informed and advised, and upon such information and advice, believe, that the condition of the State Treasury is such as that the purchase price of such real property may be paid therefrom, and justifies the same.

1. Do said Sections of the Alabama Code of 1923 contain an appropriation made by law of money from the State Treasury for the purpose of acquiring such real estate by and in the name of the State, and for State purposes within the provisions of Section 72 of the Alabama Constitution of 1901?

2. If so, was such appropriation affected or repealed either by the Budget and Financial Control Act, General Acts of 1932, Ex. Sess., p. 35, or by Amendment 24, being article 23, section 213 of the Alabama Constitution of 1901, proclaimed as ratified on August 2, 1933?

Respectfully Submitted,

Bibb Graves,
Governor.

To his Excellency Hon. Bibb Graves, Governor of Alabama, Montgomery.

Sir:

Answering your inquiry, a copy of which is hereto attached, we beg to state:

First, it is our opinion that under the express provisions of sections 932, 933, and 934, Code of 1923, the state may lawfully acquire by purchase or condemnation additional real property in Montgomery, Ala., in proximity to the Capitol for the use of the state and for state purposes.

The appropriation contained in section 933. of the Code, though in general form, suffices for this purpose, under State ex rel. Turner v. Henderson, 199 Ala. 244, 74 So. 344, L.R.A.1917F, 770.

These Code sections, therefore, specifically authorize the purchase of such property, and sufficiently appropriate money for the payment of the purchase price therefor.

Second, and we are further of the opinion the Budget and Financial Control Act (Gen.Acts 1932, Ex.Sess., p. 35), or Constitutional Amendment 24, being article 23, section 213, of the Constitution of 1901, proclaimed as ratified on August 2, 1933, does not affect or repeal said Code sections.

The expenditure of the appropriation as contemplated in said sections is dependent upon the approval of the Governor, the Chief Justice, and the Attorney General, and that the condition of the state treasury justifies the same. Under the recent authority of Southern Industrial Institute v. Lee (Ala.Sup.) 175 So. 365,[1] this is not such an appropriation as is affected by said Budget and Financial Control Act or the constitutional amendment above noted.

We therefore answer your first inquiry in the affirmative, and your second inquiry in the negative.

Respectfully,

LUCIEN D. GARDNER,
WILLIAM H. THOMAS,
VIRGIL BOULDIN,
JOEL B. BROWN,
ARTHUR B. FOSTER,
THOMAS E. KNIGHT,
Associate Justices.

