6 So.2d 508
**FORE et al. v. ALABAMA STATE BRIDGE CORPORATION.**

**3 Div. 364.**

Supreme Court of Alabama.

Jan. 29, 1942.

Rehearing Denied March 12, 1942.

456

Edw. B. Crosland, of Montgomery, amicus curiae.

THOMAS, Justice.

The appeal is from a declaratory judgment.

The Constitution of 1901, Article IV, Section 110, Skinner's Alabama Constitution Annotated, p. 543, is as follows: "A general law within the meaning of this article is a law which applies to the whole State; a local law is a law which applies to any political subdivision or subdivisions of the State less than the whole; a special or private law within the meaning of this article is one which applies to an individual, association or corporation."

For convenient reference the provisions of the Code of 1940, Tit. 1, § 9 are set out as follows: "This Code shall not affect any existing right, remedy, or defense, nor shall it affect any prosecution now commenced, or which shall be hereafter commenced, for any offense already committed. As to all such cases the laws in force at the adoption of this Code shall continue in force. But this section does not apply to changes in forms of remedy or defense, to rules of evidence, nor to provisions authorizing amendments of process, proceedings or pleadings in civil causes. Local, private, or special statutes, *and those public laws not* of general and permanent nature, and those relating to the swamp and overflowed lands, and those relating to the public debt, and appropriations, and any act submitting an amendment to the Constitution, and any act to be effective upon the adoption of such an amendment to the Constitution, are not repealed by this Code. But subject to the foregoing provisions, or as may be otherwise provided in this Code, all statutes of a public, general, and permanent nature, not included in this Code, are repealed." [Italics supplied.]

Thomas & Thomas, Steiner, Crum & Weil, and A. J. Eagle, all of Montgomery, for appellants.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn and Wm. N. McQueen, Asst. Attys. Gen., for appellee.

The pleadings are sufficient to warrant a declaratory judgment, presenting as

they do a real and substantial controversy. Code 1940, Tit. 7, § 167; State v. Inman, 238 Ala. 555, 191 So. 224; Scott v. Alabama State Bridge Corp., 233 Ala. 12, 169 So. 273; Klein v. Building & Loan Association, 239 Ala. 460, 195 So. 593.

In State v. Towery et al., 143 Ala. 48, 49, 39 So. 309, this court observed: "It is the settled law of this state that the Code of Alabama, adopted as was the present Code of 1896, is not a mere compilation of the laws previously existing, but is a body of laws duly enacted, so that laws which previously existed ceased to be law when omitted from said Code, and additions which appear therein become the law from the approval of the act adopting the Code. * * *"

See, also, Bush v. Greer, 235 Ala. 56, 59, 177 So. 341, to like effect.

It follows from the foregoing and many decisions by this court [Carmichael v. Hays, 66 Ala. 543; Hatchett v. Billingslea, 65 Ala. 16; Sawyers v. Baker, 72 Ala. 49; Werborn v. Austin, 77 Ala. 381; Bush v. Greer, supra, 235 Ala. 56, 177 So. 341], that matters not within the saving provisions of the Code of 1940, Tit. 1, § 9, and not carried within the recent code, are repealed. Southern Industrial Institute v. Lee, 234 Ala. 404, 175 So. 365.

It is important that we determine the nature of the debt authorized to be incurred under the Act of 1927, p. 278 et seq., and the Act of 1935, p. 602 et seq. The question now presented is raised by the fact that the former act of the legislature, General Acts 1927, p. 278, was not incorporated in the Code of 1940.

In Alabama State Bridge Corporation v. Smith, 217 Ala. 311, 116 So. 695, 699, the court thoughtfully observed: "Our judgment is that 'debt,' within the meaning, the purview, the whole content, of the constitutional provision, is that which the state in any event is bound to pay, an obligation secured by the general faith and credit of the state. * * * There is no promise on the part of the state to pay in any event; there is no pledge that there will be a surplus of any fund; there is no pledge of the general credit of the state; there will be no debt within the meaning of section 213."

In Scott et al. v. Alabama State Bridge Corporation, 233 Ala. 12, 169 So. 273, 280, the nature of the debt in question was again considered, and it was declared that the Act of 1935 "does not contemplate the creation of a debt against the state, and is not violative of section 213 of the Constitution." It was further held that "The proposed plan of carrying out such act is not subject to such constitutional objection." See, also, Code 1940, Tit. 23, §§ 110, 111.

The effect of the decision in the Smith case, supra, is that the Act of August 31, 1927, Acts 1927, p. 278 et seq., was to provide for the financing and erection of the several bridges in question; that it was a general law as defined by Section 110 of the Constitution and was for a general public purpose. The provisions of Section 9 of the Code of 1940, Tit. 1 (set out above) are that all public laws, "not of general and permanent nature," or "relating to the public debt," and which are omitted from the Code of 1940, are not repealed. If the foregoing act of the legislature be held to be a public law of a general and *of a permanent nature* or not relating to the public debt, the same, being omitted from the Code, is repealed. That is to say, the 1927 Act is limited in its application and scope and of a continuing and permanent nature to the end of the financing construction and operation of the bridges in question and the payment of the long term bonds secured thereby. The bridges constructed are permanent, subject only to destruction and the wear and tear of time and the bonds secured by these bridges and the tolls or pledges to the payment thereof were coextensive with the life of the corporation, or as modified by the Acts of 1935 and agency of bondholders thereunder. Hence the requirement of the Act of 1935 for replacement of bridges destroyed under the system of lease for which provision is made, and the provisions for modification and extension for freeing the bridges from toll charges from the time indicated and extending into the future.

In defining the word "permanent," employed in this section of the Code, the now Chief Justice, in Southern Industrial Institute v. Lee, 234 Ala. 404, 175 So. 365, 367, said: "There is nothing in the act to indicate that the lawmakers did not intend the word 'permanent' to be given its ordinary and usual meaning (State v. Praetorians, 226 Ala. 259, 146 So. 411), * * *."

It is a matter of common knowledge that the construction of the bridges in question

has been accomplished and the bridges completed for the use of the public. By the Act of 1935, supra, these bridges were freed from toll charges.

In Kansas City Bridge Co. v. Alabama State Bridge Corp., 5 Cir., 59 F.2d 48, 49, it was observed of the general nature of the Act of 1927, relative to construction of bridges and freeing the same from tolls when completed, that: "It is clear that the whole purpose of the act was to erect bridges essential to the highway system, to pay for them with tolls, and then to make them free for the use of the public. It is well settled that the construction of public roads and bridges is a governmental function. * * * The state may either. perform this function in its own name or through its public officers or one of its governmental agencies. * * * The Alabama Bridge Corporation was but an agency or instrumentality through which the state acted in causing its public bridges to be constructed. It was not a private corporation in any sense of the word, but state officials, who might as well have been designated a board or commission, were ex officio members, and the only members, of it. * * * The state itself is directly concerned in the construction and maintenance of public roads and bridges, in the same way that it is in its public school system in the maintenance of which it hardly will be doubted that it is performing a governmental function. * * *"

It follows that the Act approved August 31, 1927, General Acts 1927, p. 278 et seq., is a general law providing for the execution of the limited purposes in question, authorizing the Alabama Bridge Corporation to be formed and to function thereunder which it could not do without such legislative enactment. Upon the repeal of that act, by its omission from the Code of 1940 (if that be the case), further exercise of such powers is prohibited by that Act of 1927. The Act of 1935, supra, is likewise limited in scope and the powers therein authorized to be exercised.

The codification of the provisions of the later acts, as set out in the Code of 1940, Tit. 23, §§ 29–84 are not sufficient to warrant the issue of the bonds in question as the relief prayed for in the instant bill. It will be noted that Section 79 contains the provisions that "nothing" in the article "shall apply to bridges leased, purchased, constructed or reconstructed under the provisions of Art. 2 of the chapter"; showing that it was new bridges and not those the subject of the Act of 1927 or the Act of 1935. In accordance with this view the terms for the lease of bridges provided by the statute, Section 83, are for those owned by private persons, firms or corporations. The express words of Code 1940, Tit. 23, § 84, are as follows:

"In accordance with the terms of the lease heretofore executed with the Alabama state bridge corporation, the state highway director is authorized, empowered, and directed to set aside and pledge from the revenues of the highway department a sum not to exceed the amount of three hundred thousand dollars annually for a period of not to exceed thirty years from the time of the execution of said lease. The property so leased shall be for the use of the public without the collection of tolls or charges. (1935, p. 602; 1936, p. 190.)"

The Editor's note to this section states that the same was taken in large measure from Acts 1935, p. 602. "Although the balance of that act is now obsolete, the following cases construing and upholding the act, and the instant section in particular, still appear to be relevant and binding." And the editor cites Scott v. Alabama State Bridge Corp., supra, 233 Ala. 12, 169 So. 273, as holding that the said act was "not a creation of debt in violation of the Constitution"; and Long v. Alabama Highway Corp., 234 Ala. 142, 174 So. 41, as the view that the gasoline pledge "does not conflict with prior pledges."

The provisions of the Code of 1940, Tit. 23, Art. 2, §§ 97–111 relate to the Alabama Bridge Commission created for the purpose of constructing or reconstructing any bridge, and the powers of that commission are stated at length in § 99, Tit. 23, Code 1940. These certain powers are conferred on the "commission" and not on the "Alabama Bridge Corporation." That is to say, there are no provisions under the Acts of 1935, pp. 602, 658, the Act of 1936, Ex. Sess. p. 189, 190, or the Acts of 1939, p. 936, authorizing the issue of the instant bonds by the Alabama Bridge Corporation. Appellee's counsel admit this.

The provisions for reconstruction in case of destruction are contained in the Acts of 1935, p. 602 and in the Code of 1940, Tit. 23, § 99(h) and in the Acts of 1939, p. 940. Such are different powers as to different objects than that dealt with in the Act of 1927. This is conceded by the amendment

to the Act of 1935, Acts 1936, Ex.Sess. p. 190, to the effect, "That the powers given herein to lease, buy, condemn, otherwise acquire, and/or free any and all toll bridges in the State of Alabama, shall not be exercised, so far as the bridges now belonging to the Alabama State Bridge Corporation, until the bonds now outstanding against said bridges shall have been refunded at a rate of interest not to exceed four per cent (4%), nor shall such powers apply to, or be exercised so far as, the bridges leased, purchased, constructed or reconstructed under the provisions of Act No. 44, H.B. 132, approved Feb. 7, 1935, as amended by Act No. 181, H.B. 251, approved July 8, 1935." Thus is the express legislative intent not to extend or confer the powers contained in the Act of 1927, supra, to the extent sought to be invoked in the instant pleading.

The provisions of the Acts of 1935, p. 94 and p. 234 are expressly limited to the *commission* authorized to be created by § 1 of the act and not the Alabama Bridge *Corporation,* the creation of which is codified as we have indicated.

It will be noted that important provisions of the Act of 1927 are:

"Powers Of. The corporation under this article shall have the following powers: 1. To have succession by its corporate name for twenty years. 2. To sue and be sued and defend, and to make and use a corporation seal, and to alter the same at pleasure. 3. To receive, take and hold by sale, gift, lease, devise, or otherwise, real and personal estate of every description, and to manage and dispose of the same by any form of legal conveyance or transfer, with full power and authority to borrow money and to convey by mortgage or deed of trust. * * *

"For the purpose of providing funds for the building of the bridges herein authorized, the corporation is hereby authorized to borrow money from time to time in such amounts as it may be deemed best, and as the Governor may approve, and to execute therefor the notes or bonds of the corporation, signed by the three members thereof, and attested by the Secretary of State, and to secure said notes or bonds and mortgage, to pledge the bridges and the tolls collected from said bridges for such time as may seem proper to said corporation, with the approval of the Governor. The tolls collected from said bridges, as hereinafter provided, shall be kept in a separate fund by the State Treasurer, and are hereby specially pledged for the payment and retirement of the notes, bonds and mortgage, principal and interest, as the same become due, until the whole of them shall be paid. The notes or bonds herein authorized shall be payable in lawful moneys of the United States, and shall be in such form and denominations, and be payable at such times and places as the corporation may determine, and shall be free from taxes of all kinds in the State of Alabama. Such notes or bonds shall be negotiated on the best terms obtainable, at not less than par, and shall bear interest at not to exceed six percent per annum, payable quarterly, semi-annually or annually, as the corporation may determine, and may be renewed from time to time and shall be made to mature at such times and in such amounts as that they may conveniently be retired out of the funds hereinabove specially pledged for their payment. * * *" Section 1.

In this connection, we observe that Section 7 of the Act of 1935, p. 604, as set out above, will be considered with the preceding section of the same act which reads as follows: "Section 6. To carry out the purposes of this Act the State Highway Department, with the approval of the Governor, is hereby authorized, empowered and directed to set aside and pledge from its revenues a sum not to exceed the amount of $300,000.00 annually therefor, for a period of not exceeding thirty years."

Thus, it is noted that the obligations under the 1935 Act extend beyond the life of the corporation, and the proposed bonds may greatly exceed that time, though the rate of interest would be reduced according to the resolution indicated in Exhibit "C".

It would appear from the foregoing that the Alabama State Bridge Corporation has no power to "renew" or refund its bonds without the power given by the Act of Aug. 31, 1927, and would have no power or right to *pledge* the moneys to be received by it from the State Highway Department under the system of lease (pursuant to the Act of 1935) to the payment of the proposed refunding bonds sought by the instant bill.

There is a difference between the renewal of a bond and the refunding of the bond issue. Refunding bonds are such as replace or pay off outstanding bonds which the holder surrenders in exchange for the new security. Consequently the act

in question provided that where refunding bonds are issued for cash, the outstanding bonds to be refunded must be paid or canceled. Such is the effect of the general authorities, of which the following are indicated. Jones on Bonds and Bond Securities, Vol. 1, § 7; City of Long Beach v. Lisenby, 180 Cal. 52, 179 P. 198; Independence v. Turner, 114 Kan. 731, 220 P. 195; City of Tyler v. Tyler Bldg. & Loan Ass'n, 99 Tex. 6, 86 S.W. 750.

By the terms of the lease executed by the Alabama State Bridge Corporation to the Alabama Highway Department, that department was only obligated to pay a rental until the outstanding bonds were paid and for the time indicated in the act. Upon such payment the lease and obligation incurred thereby ceases to exist.

The foregoing is a history of all of the legislation touching the matter in question.

■ The majority of the court consisting of GARDNER, C. J., BOULDIN, BROWN, FOSTER, and LIVINGSTON, JJ., express no views as to the effect of omitting the Act of 1927 from the Code of 1940, creating the corporation as a state agency. A decision on that question is deemed unnecessary. All agree, in which the writer concurs, that the relief sought must be denied.

The writer of the opinion in Scott v. Alabama State Bridge Corp., supra, 233 Ala. 12, 169 So. 273 now observes as to the matter presently before the Court, and in which there is unanimous opinion of the Justices, that:

"Regardless of any question of repeal by omission from the Code, the State Bridge Corporation as an active public agency has ceased to function pursuant to powers under the Act of 1927. The future obligation to meet the bonds issued under the refunding provisions of the Act of 1935 is passed to the State Highway Commission. The maintenance of the bridges, the operation of same under a toll system, and payment of refunding bonds, have all passed out of the State Bridge Corporation. It has no refunding powers touching the bonds now outstanding."

It results from the foregoing that the decree of the circuit court is laid in error and the same is hereby reversed, one being here entered in favor of appellants.

Reversed and rendered.

All the Justices concur, except KNIGHT, J., not sitting.