106 So.2d 182

**Morris GRIFFIN**

v.

**STATE.**

4 Div. 372.

Court of Appeals of Alabama.

Oct. 7, 1958.

Rehearing Denied Oct. 28, 1958.

L. H. Walden, Montgomery, and John C. Walters, Troy, for appellant.

John Patterson, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

**HARWOOD, Presiding Judge.**

This appellant has been found guilty of transporting prohibited beverages in quantities of five gallons or more.

The evidence presented by the State tended to show that early on the morning of 18 May 1957. Thomas Tillery, a mail hauler saw a car approach him on Highway 231 "going all over the road, out of control." The car wrecked, and turned over on one of the passengers. Another occupant of the car ran from the wreck. The wreck occurred in front of the Woodham home, and Tillery saw Mrs. Woodham come to the wrecked automobile.

Mrs. Woodham testified she was awakened by the noise of the wreck, and went out to investigate. She saw the appellant, apparently unconscious, beside the wreck. The appellant apparently recovered, and got up and staggered away, though Mrs. Woodham had tried to make him be still. His clothes were wet with odor of whiskey. When Mrs. Woodham returned to her home she found the appellant inside. She pushed him out, and he staggered away.

Clyde Kelly, a Highway Patrolman, was called to the scene of the wreck, and arrested the appellant about a quarter of a mile therefrom when he saw him walking unsteadily in the highway. Appellant's clothes were wet with whiskey. Kelly returned with appellant to the wreck, and found officers Oliver and Bickley there.

Thirty-five gallons of moonshine whiskey were found in seven five gallon glass jugs, and thirteen jugs had been broken. The car was drenched with moonshine whiskey.

Mr. Bickley, an agent of the Alabama Alcoholic Beverage Control Board, for five and a half years, testified that his duties were "destroying stills, finding stills, working transportation, and hunting moonshine whiskey, catching bootleggers, etc." During this work he had had many occasions, "more than a hundred, and less than a million" for observing whiskey. The whiskey in the jugs was moonshine whiskey, and the car smelled of moonshine whiskey.

The appellant presented no evidence in the trial below.

In brief counsel argues that Section 187, Title 29, Code of Alabama 1940, which prohibits the transportation of prohibited beverages in quantities of five gallons or more has been repealed by implication because of the omission from Section 75 of Title 29, Code of Alabama 1940 of any reference to transportation of prohibited beverages.

This same argument was advanced, in the recent case of Dixon v. State, Ala. App., 105 So.2d 354,[1] and rejected by this court in an opinion prepared by Cates, J., wherein he wrote:

"The essence of this argument is that one Code section can nullify another, by reason of the fact that the one coming into the statute later should take precedence over the earlier section. While there may be some field of operation for repeal by implication where a later enactment *necessarily* operates to exclude part or all of a former statute, nevertheless, as between sections of the Code, we see here no field of operation for this principle.

"The Code, on adoption, repeals all *omitted* former laws of a general and permanent nature, T. 1, § 9, Fore v. Alabama State Bridge Corp., 242 Ala. 455, 6 So.2d 508, and it is considered as an entirety—struck off by the mind of the legislator in a single act of law making. Being a cohesive unit, it must be harmonized if possible, Jen-

**628**

kins v. State, 245 Ala. 159, 16 So.2d 314, Smith v. Smith, 266, Ala. 118, 94 So.2d 863."

 Counsel for appellant argues that evidence to the effect that the liquid in the car, in the broken jars, and on appellant's clothes smelled like whiskey was insufficient to establish the character of the liquid, in that the witnesses were not qualified as "smellers." Appellant relies upon Anderson v. State, 20 Ala.App. 505, 103 So. 305.

Suffice to say that the Anderson case, supra, was specifically overruled in Johnson v. State, 222 Ala. 90, 130 So. 777, 778, wherein it was stated:

"Where it appears, as here, that the witness inspected the bottle, and smelled or tasted the contents thereof, no reason appears why he may not state his judgment as to whether the contents is whisky, the characteristics of which is a matter of such common knowledge that courts take judicial knowledge thereof."

To the same effect is Roughton v. State, 38 Ala.App. 17, 77 So.2d 666.

■ Whiskey is a spiritous liquor within the common knowledge of all men, and juries may so find without specific proof. Freiberg v. State, 94 Ala. 91, 10 So. 703. The State having presented evidence from which the jury could reasonably infer that the appellant was transporting prohibited whiskey in quantities of five gallons or more, it had met its burden in establishing its prima facie case. If the whiskey so being transported was unfit for beverage purposes, such fact was a defensive matter to be shown by the appellant, in the absence of evidence by the State to such effect.

The charges refused appellant were refused without error in that they were, either affirmative in nature, were abstract, or incorrect statement of legal principles involved, or were covered by one or more of the forty-four charges given at appellant's request, or the very excellent and ample oral charge given by the court.

Affirmed.