HARRIS, Judge.
Appellant was convicted of transporting prohibited liquor in quantities of five gallons or more in violation of Title 29, Section 187, Code of Alabama 1940. He was sentenced to three years imprisonment. At arraignment, attended by court-appointed counsel, appellant entered a plea of not guilty. After sentence was imposed he gave notice of appeal and was furnished a free transcript. Trial counsel was appointed to represent him on this appeal.
This is appellant’s second appeal for the same offense. Mars v. State, Ala.Cr.App., 339 So.2d 104. The first appeal was reversed and remanded for a new trial because of the action of the trial court in refusing to grant a continuance at the request of court-appointed counsel who was allowed only 25 minutes in which to prepare the case for trial.
The facts in the first trial are essentially the same as the facts in this second trial, and we quote:
“DeKalb County Chief Deputy Sheriff George Minor was in Gadsden, Etowah County, observing a State liquor store. He spotted the appellant coming from the store and loading into his car trunk two cardboard liquor cases bearing the label, ‘Seagrams Seven.’ He sent out over his police radio a code number which was assigned to appellant. He stated that all suspected bootleggers in the county were assigned code numbers. He started trailing the appellant, but lost him for approximately five or ten minutes, and then proceeded to the interstate highway leading toward DeKalb County. Within a few minutes, appellant passed Deputy Minor, traveling in excess of 90 m. p. h. Being unable to catch the appellant, Minor sent out a radio dispatch giving the make of the car, tag number and the identity of the driver.
“John Thomas Moses, Assistant Police Chief of Rainesville, after hearing the radio alert, stopped appellant’s automobile in DeKalb County. Jerry Bethune, Chief Investigator for DeKalb County, arrived at the scene, ‘in less than a minute.’ The appellant refused to open his car trunk, saying he did not have a key to the trunk. (In the instant case appellant said he wanted to see a search warrant.) Bethune pried the trunk open with a tire tool and found two cases of Seagrams Seven whiskey amounting to six gallons. The officers did not have a warrant.”
Bethune placed appellant under arrest and turned the two cases of whiskey over to Sheriff Bill Abies of DeKalb County who arrived at the scene a few minutes later. Each case contained 24 pints and the Sheriff testified that he opened one of the pint bottles and tasted the contents and that it contained whiskey. He further testified that all the bottles were full and he identified the liquor as Seagram’s 7. The Sheriff further testified that, he took the two cases of whiskey to his office and labeled them. He said there were 48 pints of Seagram’s 7 whiskey.
The Sheriff further testified that he turned the two cases over to the Clerk of the Circuit Court, Cecil Reed, and the two cases were in the same condition when he delivered them to Mr. Reed as they were when he removed them from the appellant’s car. He stated that each of the two cases had a Seagram’s 7 label.
Mr. Cecil Reed, a former Clerk of the Circuit Court of DeKalb County, Alabama, testified that prior to leaving office on or about January 16, 1977, he received two cases of Seagram’s 7 whiskey from Sheriff Abies. He said that these two cases of whiskey were in connection with the transporting case against Paul Mars; that he put *543 these cases of whiskey in the vault of the Circuit Clerk’s Office in the courthouse and they were in the vault when he left office. He further testified that the two cases of whiskey and the contents thereof were in the same condition when he left office as they were when he received them from Sheriff Abies.
On cross-examination Mr. Reed testified that the vault in which he put the two cases of whiskey had a combination lock and that five of his employees had the combination to the vault lock. He was asked:
“Q. So you don’t know what they might have done with it?
“A. Well, it was still there this morning.”
Mr. Jimmy Lindsey became Clerk of the Circuit Court of DeKalb County on January 18, 1977, as successor to Mr. Reed. He testified that the two cases of whiskey were still in the vault when he took office. The District Attorney asked the Court to have the two cases of whiskey brought from the vault in the Clerk’s Office to the courtroom. When the cases were brought into the courtroom, the District Attorney asked that the two cases be marked State’s Exhibits 1 and 2 for identification.
Prom the record:
“Q. Mr. Lindsey, I’ll ask you if these are the two cases which you referred to in your testimony?
“A. Yes, it is.
“Q. What are contained in those two cases?
“A. 24 pints Seagram’s 7 whiskey.
“Q. Are there any other cases of Seagram’s 7 whiskey in your office, Mr. Lindsey?
“A. No sir.
“Q. Were there any at the time you took office?
“A. No sir.”
The two cases of whiskey were introduced into evidence over appellant’s objection that there was a break in the link of possession. This motion was overruled.
Appellant’s counsel then moved for a dismissal on the ground the State had failed to show a prima facie case. This motion was also overruled.
Appellant did not testify, nor did he offer any evidence in his behalf. It took the jury 15 minutes to return a verdict of guilty “as charged in the indictment.” The Court asked appellant’s counsel if she wanted the jury polled and she replied, “No sir.”
The evidence as to the custody and possession of State’s Exhibits 1 and 2 (the two cases of Seagram’s 7 whiskey) unequivocally shows there is no missing link in the chain of identification. Identification and continuity of possession were sufficiently established, affording ample assurance that the two cases of whiskey introduced into evidence were the identical cases of whiskey taken from appellant’s car trunk. Powell v. State, 47 Ala.App. 582, 258 So.2d 923; Green v. State, 42 Ala.App. 439, 167 So.2d 694; Dennison v. State, 259 Ala. 424, 66 So.2d 552.
In Griffin v. State, 39 Ala.App. 626, 106 So.2d 182, the Court held:
“Whiskey is a spiritous liquor within the common knowledge of all men, and juries may so find without specific proof. Freiberg v. State, 94 Ala. 91, 10 So. 703. The State having presented evidence from which the jury could reasonably infer that the appellant was transporting prohibited whiskey in quantities of five gallons or more, it had met its burden in establishing its prima facie case. If the whiskey so being transported was unfit for beverage purposes, such fact was a defensive matter to be shown by the appellant, in the absence of evidence by the State to such effect.”
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.