(126 So. 896)

### CLARK v. STATE.
### 7 Div. 574.

Court of Appeals of Alabama.
Feb. 11, 1930.

Rehearing Denied March 18, 1930.

468

E. O. McCord & Son, of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

Defendant was caught on the public road in De Kalb county, in a Hudson Super Six car, in which was at the time one hundred gallons of whisky.

The point attempted to be made by defendant is that, because the car at the time the officers caught it was stuck in a mudhole and was not at that time moving, there can be no conviction for transporting, which charge contemplates a moving of the car from and to. There is a decision of the Supreme Court (Carey v. State, ex rel. Almon, 206 Ala. 351, 89 So. 609) which holds to a view similar to the contention here made, but we think there is enough difference in this case to permit this court to hold that, although the car containing the whisky may have been standing still at the time of arrest, if there was sufficient evidence from which the jury could draw the conclusion that the car had been moving along the road, driven by the defendant, and containing the whisky before it became stuck and stopped, they would be warranted in finding a verdict of guilt as charged in the indictment.

That defendant was seen in a Hudson Super Six car of the same description as the one captured six miles on the same road a short time before coming in the direction of the place of arrest was relevant and compe-

tent, as was also all that testimony tending to identify the car.

That the sheriff took the whisky and carried it to the jail was irrelevant and inadmissible, unless coupled with testimony of identification, but its admission could not harm the defendant.

We have examined this record, and find no error prejudicial to defendant's substantial rights.

Let the judgment be affirmed.

Affirmed.