# NOVEMBER 2, 1938

DAVE BROWN v. THE STATE.

No. 19861.   Delivered November 2, 1938.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of the sale of whisky in a dry area, and fined $150.00 and thirty days in jail by a jury, hence this appeal.

In bill of exceptions No. 1 appellant complains because of the following occurrence: While the State's witness William Dunsmore was on the witness stand it developed that, although witness made the complained of purchase, there was another

person present with him at such time. The appellant then demanded of the witness the name of such other party. The witness stated that such person was a man from Hardin-Simmons University, and, unless he was required to do so, he did not desire to reveal this person's name. The court in his qualification of such bill of exceptions states that the witness Dunsmore and such other person were working for the State Liquor Control Board, and such other party was a boy from this university, going about with Dunsmore, showing him where liquor could be purchased, Dunsmore making such purchases, while such boy was merely pointing out where such purchases could be made. It is to be noted that appellant introduced no testimony whatever. Under the circumstances we can see no useful purpose in requiring the witness to divulge the name of his companion, or in satisfying appellant's curiosity as to what his name might have been. No benefit could have resulted therefrom. It is to be noted that there is nothing in the bill to show that appellant did not know the name of such witness. There was no affirmative defense made hereto, although the testimony shows that there were other persons present at the time of the alleged offense, including appellant's wife. We see no reversible error reflected in such bill.

Bill of exceptions No. 2 complains of the fact that when appellant's attorney made the request to compel the witness to divulge the name of such boy, the county attorney said that "it would not aid the defendant any to have said other person brought in because said other person's testimony would not help the defendant but would help the State." According to the court's qualification hereto, it seems that such remarks, although made in the presence and hearing of the jury, were addressed to the court, and the court immediately sustained the objection thereto and instructed the jury not to consider same for any purpose. There was no dispute relative to the sale. We think no serious error is disclosed in such bill.

In answer to appellant's bill of exceptions No. 3 we adopt the following part of the brief of the State's Attorney as our ruling thereon:

"By bill of exception No. 3 appellant claims that the charge relative as to what constituted a sale was on the weight of the evidence. In the first place, under the facts of the case, it was not necessary to define the term 'sale' at all. Stephens v. State, 96 S. W. 7; Trinkle v. State, 131 S. W. 583. Not only is that true, but, where there is no dispute as to the fact of sale, an error in defining the term 'sale' is harmless. Homan v. State,

51 S. W. 237. Under the facts, appellant could not have been prejudiced by what the trial court said relative to the term 'sale,' because the facts showed a direct and positive transaction, amounting, in law, to a sale."

Perceiving no error in the record, the judgment is affirmed.