14 So.2d 593

### JACKSON v. STATE.
#### 4 Div. 777.

Court of Appeals of Alabama.

May 11, 1943.

Rehearing Denied June 15, 1943.

Tompkins & Ramsey, of Dothan, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

Subdivision 10, Section 437, Title 14 of the 1940 Code denounces as a vagrant, and subjects to criminal prosecution, any person who is a keeper, proprietor or employee of a house of prostitution.

On July 27, 1942, the defendant was indicted for this offense and, less than a month thereafter, was tried and convicted. She brings this appeal and urges that we revise the action of the trial court in: (1) Refusing to grant the motion for a new trial upon the alleged ground that the verdict and judgment were contrary to the evidence; and (2) for the improper allowance of testimony proffered by the State.

The defendant was the owner and proprietor of a 28 room house in Dothan, Alabama, which she was operating as a public rooming house. A register was kept of the patrons who came at will and occupied

transiently the rooms, paying different sums of money for the use of them, depending upon whether occupied for a few hours or for the night. Numerous and indiscriminate acts of lewdness and prostitution were proven to have been carried on there—a public house—by diverse persons, white and negro, within the proscriptive period of the indictment. This sufficiently showed the place to be a bawdy house, the keeping of which is proscribed by the statute, supra.

But the defendant's able counsel argue that there is an absence of proof of guilty scienter; their contention is that there is no proof that defendant had knowledge of the transactions being carried on there. In this, we think they are in error.

Knowledge of defendant was not only proven by direct testimony (Maxine Tolbert, an employee), but also circumstantially and by inferences reasonably arising from other evidence. Under either phase, guilty scienter must be regarded as sufficiently established. Price v. State, 96 Ala. 1, 11 So. 128; 27 C.J.S., Disorderly Houses, p. 312, § 5(b).

■ We think the verdict well supported and that the record presents nothing to warrant a revision of the trial court's ruling in denying the new trial.

The other contention of the defendant is that illegal evidence was admitted over her due objection and exception and that, for this, a reversal should be ordered. She asserts two instances where this allegedly occurred; once during the examination of State's witness Hicks, a city police officer, and again during the testimony of Maxine Tolbert, defendant's employee, who also testified for the State. We discuss the two propositions in this order.

■ In eliciting evidence proving the corpus delicti, the witness Hicks was asked by the State to tell the jury what he knew or had learned about the defendant's place, etc. (Note, the question was not limited in scope to a period within twelve months before the finding of the indictment.) It is asserted that there was error in permitting the witness to answer the question because the transactions sought to be elicited may have occurred anterior to the return of the indictment. Scrutiny of the testimony of this witness, however, fails to disclose that any prejudice resulted to the defendant in the overruling of the objection to the question, for the officer positively testified that what he had related was "within twelve months before the last grand jury" (the grand jury which returned the indictment). Hence the argument for error here is untenable.

As predicate for our discussion to follow, regarding the interrogation of State's witness Tolbert, it should be observed that the case for the State was substantially proven by other witnesses, including the said witness Hicks, viz. that within twelve months before the finding of the indictment the defendant had been keeper or proprietor of the house of prostitution in question.

■ The legal requisite is that the evidence substantially show that the offense was committed prior to the commencement of the prosecution and not at a period so remote as to be barred by the statute of limitation. 23 C.J.S., Criminal Law, p. 178, § 915. Of such effect was the proof adduced, without aid of the testimony of Maxine Tolbert.

■ In offenses such as this, which challenge a course of conduct continuing in its nature, no date need be particularized provided the crime is proven to have been committed within the proscriptive period (12 months here) of the indictment.

Following is where it is alleged that error prevailed during the State's interrogation of said witness, Tolbert. Upon direct examination, she described the character of business carried on there, and testified that she was an employee of defendant and had been working there the past six months. The following question was then propounded by the State: "Do you know of the police officers coming there to that house at any time during the time that you have been working there and getting men and women out of some of those rooms?" To this question the defendant objected and, among other general grounds, assigned that "it called for transactions that may have happened since the return of the indictment against the defendant in this case." The objection was overruled and the witness answered, "Yes, sir." The defendant urges that error prevailed in this action of the court, as well as in the overruling of the motion to exclude the answer upon like ground.

There are certain rules of evidence which in our opinion suffice to sustain the action of the trial court aforesaid, and in rescuing the cause from error.

The objection, that a question may elicit illegal testimony, is too general in scope to require its denouncement by the court or that the court should direct the witness, in answering, to separate the relevant from the irrelevant. If the defendant desired that the testimony be limited, then seasonable request that the court do so should have been made. If the question (as is here contended) was part good and part bad, or might elicit evidence partly relevant and partly irrelevant, "it was incumbent upon the objector, in order to put the trial court in error, to have separated the good from the bad by the objection." Security Bank & Trust Co. v. Laney, 214 Ala. 561, 563, 108 So. 367, 368; Grimsley v. State, 20 Ala.App. 155, 157, 101 So. 156; Lester v. Jacobs, 212 Ala. 614, 618, 619, 103 So. 682; Shorter v. State, 63 Ala. 129, 133; Cooley v. State, 233 Ala. 407, 410, 171 So. 725.

And as to the motion to exclude upon similar ground, the same principle controls. The facts divulged were in part during the period covered in the indictment, and such portion, under all phases of the case, was relevant. It was not the court's duty to separate the relevant from that contended as irrelevant. This devolved upon the movant, by specifying the portion claimed as irrelevant, thereby seasonably inviting a ruling of the court thereon. ·

Moreover, it is not made clear to us that, had the defendant specified the claimed objectionable feature of the foregoing evidence, she would have then been entitled to a reversal. Evidence that the operation of the house was being continued shortly after the time or period charged in the indictment might have tended to show knowledge, plan, purpose or disposition on the part of defendant, as well as furnishing basis for an inference that such was the character of the house at or during the period charged. If so, such evidence is held to be relevant and admissible.

We state a few apposite, legal principles which we think controlling: Although other similar related acts and crimes of the defendant are not relevant as substantive evidence to establish the corpus delicti, the rule is well established that such acts and crimes are provable as bearing upon motive, intent, scienter, identity, plan, or etc. Wilkins v. State, 29 Ala.App. 349, 197 So. 75, certiorari denied 240 Ala. 52, 197 So. 81; Wilder v. State, Ala.App., 1 So.2d 317;

Jackson v. State, 229 Ala. 48, 155 So. 581; Johnson v. State, Ala.Sup., 5 So.2d 632;[1] Daniels v. State, 243 Ala. 675, 11 So.2d 756; Robinson v. State, 243 Ala. 684, 11 So.2d 732; Virgil A. Lee v. State, ante, p. 91, 13 So.2d 583.

We find an apt syllabus to ☜370, West's Ala.Digest, Vol. 6, Criminal Law, p. 261: "Where it is necessary to show guilty knowledge, evidence is admissible to prove that at another time and place the accused committed or attempted to commit a crime similar to that with which he stands charged." (We might add, provided the similar, related act or crime is not too remotely connected with the one at issue.) Also see 16 C.J., p. 589, Sec. 1136(b); 22 C.J.S., Criminal Law, § 685.

Pertinently applicable, too, are the decisions elsewhere in prosecutions as the one at bar where the holding is: The offense of keeping a house of prostitution consists of a course of conduct, continuing in its nature, and evidence tending to show the character of the place shortly before and shortly after the time charged in the indictment was competent "as a basis for an inference that its character was the same on the date" upon which the prosecution was rested. State v. Rogers, 145 Minn. 303, 177 N.W. 358, 359; People v. Levin, 292 Ill.App. 413, 11 N.E.2d 224; 27 C.J.S., Disorderly Houses, § 14(aa), p. 328.

In 22 C.J.S., Criminal Law, § 689, it is also declared: "Where the offense charged is a continuing one, evidence of other acts than that charged is generally admissible to explain or to corroborate the evidence showing the act charged."

There are other crimes of a continuing character which are likewise controlled by similar rules of evidence. 22 C.J.S., Criminal Law, § 691. We will mention a few.

In adultery prosecutions, it is said that not only are prior acts and familiarities, even before the period of limitation (provided they are not too remotely connected), provable as corroborative evidence, but proof of "subsequent acts and familiarities" is also permissible for the same purpose. 22 C.J.S., Criminal Law, § 691, p. 1161; Cole v. State, 17 Ala.App. 488, 86 So. 124.

Then, in prosecutions where the carrying on of a particular business constitutes an offense, it may be shown that the accused committed the same proscribed acts at

---

[1] 242 Ala. 278.

216

other times than that charged in the indictment. It is said that "such evidence of other crimes is relevant to show his system of doing business and the intent present in the act with which he is charged." 16 C.J., p. 592, § 1140. See also 22 C.J.S., Criminal Law, § 688.

Also in prosecutions for contributing to delinquency of a child, it is competent to prove other similar acts, as corroborative of the one charged and as showing the defendant's "disposition to commit an offense of the nature charged." 22 C.J.S., Criminal Law, p. 1161, 1162, § 691(3).

When tested by the foregoing authorities, the testimony aforesaid of the witness Tolbert must be ruled as competent and admissible.

Studious consideration has been accorded the entire case, in connection with the brief and argument of learned counsel for appellant, but we are fully persuaded that no prejudicial error is made to appear. The judgment must therefore be affirmed.

Affirmed.

