63 So.2d 283

## AUSTIN v. STATE.

### 5 Div. 388.

Court of Appeals of Alabama.

Feb. 3, 1953.

Reneau & Reneau, Wetumpka, for appellant.

Si Garrett, Atty. Gen., and Wm. H. Sanders, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted for transporting five gallons or more of prohibited beverages. His jury trial resulted in a verdict of guilty.

The evidence presented by the State tended to show that early on a morning in June of 1951 Mr. Wes Holt, a deputy sheriff of Elmore County, gave chase to a truck. The truck turned off of the paved road and onto a side graveled road. As the deputy's car came near two men jumped from the truck, one from each side, and fled. Both men lost their hats as they left the truck.

Mr. Holt was unable to identify either man at this time, but testified that the man who jumped from the left side of the truck was of similar size and build as appellant. The appellant weighed some 250 pounds.

Examining the truck Mr. Holt found it was loaded with five tin containers, each of a capacity of ten gallons. He broke the top of one of these containers and found that it was filled with liquor. Mr. Holt testified that he had been a deputy sheriff four years, and during this period had made arrests in connection with prohibition cases; that he had thus acquired a knowledge of alcoholic beverages; that the liquor in the can smelled like whiskey, and that he tasted it and it tasted like whiskey; that the liquor was home made or corn whiskey, and the container held more than five gallons of it.

Mr. Holt radioed for other officers. They arrived in a short while, bringing with them some blood hounds. These hounds were put upon the tracks of the men who had jumped from the left side of the truck. This trail was followed for over a mile to the home of Evander Anthony.

Anthony was not at his home, but was later interviewed on a road leading from Wetumpka. Still later in the morning the officers again interviewed Anthony and he told them that earlier in the morning he had driven the appellant in an automobile from his (Anthony's) home to appellant's home. He also pointed out the place on the road where he had let the appellant out of the automobile, some 150 yards from appellant's home. Tracks were observed at this point by the officers.

Anthony, a witness for the State, admitted that he had made the statements attributed to him by the officers, but contended that he had made such statements through fear of the officers, and that in fact he had not seen the appellant on the morning in question.

Later in the day the appellant was taken into custody. He first denied that the hat found at the truck was his, but later admitted his ownership.

The appellant's evidence was directed toward establishing an alibi, that is that he was at home at the time the truck was chased and overtaken by deputy Holt. He

claimed that the truck had been stolen from his yard during the night, and that he had left his hat in it when it was in his yard.

The appellant, during the trial, admitted that the hat and the truck belonged to him.

Counsel for appellant argue that the appellant's request for the general affirmative charge, and his motion for a new trial, were each erroneously refused for the reason that the evidence presented by the State was insufficient to establish: 1. That the liquor in the container was prohibited alcoholic liquor, and 2., that the evidence is insufficient to show that the appellant was in the truck at the time it was caught by the officer.

In support of his first contention the appellant argues that Section 125, Title 29, Code of Alabama 1940 setting up the evidential rule that evidence to the effect that a liquor which smells, tastes and has the general appearance of an alcoholic beverage shall constitute prima facie evidence that such liquor is a prohibited beverage, can have no application to a prosecution for transporting alcoholic beverages in quantities of five gallons or more.

The basis of this argument is that Section 125, supra, specifically lists some ten offenses involving liquor law violations to which it may apply, and omits any reference to the offense of illegal transportation. Hence, counsel argue, the rule embodied in the maxim "expressio unius est exclusio alterius" should prevail, and the State to meet its burden, should be compelled to show by direct and positive evidence the alcoholic content of the liquor seized.

We find no merit in this contention. Section 125, supra, carries the further provision that the rule of evidence set up therein shall also be applicable "in all prosecutions for violations of statutes of the state for the suppression of the evils of intemperance, when it becomes necessary to determine whether the liquor or beverage in question is a prohibited liquor or beverage."

Clearly the transportation statute, Section 187, Title 29, Code of Alabama 1940, is directed toward the evils of intemperance.

The purpose of Section 125, and its intent is manifest when read in its entirety. The rule embodied in the maxim "expressio unius" etc. is applied only to assist in arriving at the true legislative intent. It cannot be applied to defeat the clear legislative purpose and meaning of a statute when that purpose and intent is clear and unambiguous. See 5 Am.Jur., Statutes, Section 246 for citations enunciating the above doctrines.

It is also our conclusion that the evidence presented by the State, though circumstantial, is amply sufficient in its strength and cogency, if believed by the jury under the required rule, to support the verdict and judgment rendered and entered.

Appellant's requested charges B, C, D, H, 1, and 2 being affirmative in nature, were properly refused under the evidence presented.

Charges 3 and 10 were covered by the oral charge of the court, and refused without error.

Charges 4 and 8 were properly refused being faulty in that they were misleading in not correctly stating the legal principles applicable.

It is our opinion that this record is free of error probably injurious to the substantial rights of this accused. An order of affirmance must follow.

Affirmed.