712

63 So.2d 607

**BALLARD v. STATE.**

**7 Div. 193.**

Court of Appeals of Alabama.
March 3, 1953.

Max J. Howard and W. M. Beck, Fort Payne, for appellant.

Si Garrett, Atty. Gen., and Arthur Joe Grant, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The accused was convicted on a charge of wilfully and maliciously removing, damaging, or destroying a fence, the property of Mrs. Lucille Lee. Title 14, § 82, Code 1940.

It appears that the fence in question was constructed by Mrs. Lee along the line which divided her property from that of the appellant. Apparently considerable ill will and unfriendly feeling had arisen between the adjoining property owners.

According to the State's evidence, the defendant was seen by the witnesses in the act of burning the posts which supported the wire to the fence. They had been taken from the ground and assembled in a pile. It was in the night time, and gasoline was used to augment the burning.

The defendant denied at the trial that he either cut the wire or burned the posts.

When the State had closed its testimony the appellant's attorney made a motion to exclude all the evidence.

The motion posed the position that there was no proof that the defendant cut

the wire to the fence. Certainly there is no merit in this insistence. The statute condemns the damaging or destroying. The posts constituted a vital part of the structure, and unquestionably if they were rooted up and burned the fence would be damaged and its usefulness destroyed.

A witness for the State answered the following question in the affirmative: "Did you see the fire, where it burned there, the next day?"

The appellant's attorney interposed objections after the reply was made. Tucker v. State, ante, p. 311, 55 So.2d 365; Holmes v. State, 35 Ala.App. 585, 50 So.2d 800.

A witness was asked by the solicitor to relate the contents of a conversation he had with the accused soon after the posts were burned.

Objections were interposed because of the insufficiency of the predicate. A proper predicate was based to show that the statement was voluntary. It later developed, however, that it was not a confession.

The witness answered:

"He told me they had an argument about the line and said, 'Mr. Lea (sic), the old contrary son-of-a-bitch, nothing would do him but have the line run.' He said, 'God damn him,' and that he went and put the fence six inches over on his side. He said, 'He thinks I am going to let it stand but the Courts in Fort Payne ain't going to make me let it stand. I have got no room to turn my stock. My renter has no room to turn his stock or tractor and I will not have that damned old fence.'"

The court overruled a motion of appellant's counsel to exclude the entire reply.

■ If there was therein contained material matter, the court cannot be put in error for refusing to exclude it in its entirety. Southern R. Co. v. Hardin, 1 Ala. App. 277, 55 So. 270; Jackson v. State, 31 Ala.App. 212, 14 So.2d 593; Head v. State, 35 Ala.App. 71, 44 So.2d 441.

■ We think that a part of the statement was admissible to show hostility or animus antedating the time the offense was committed. Smith v. State, 183 Ala. 10, 62 So. 864; Carter v. State, 205 Ala. 460, 88 So. 571; Thomas v. State, 18 Ala.App. 268, 90 So. 878; Henley v. State, 31 Ala.App. 433, 18 So.2d 98.

■ The evidence for the State pointed directly to the guilt of the defendant. Clearly the verdict was not contrary to the great preponderance of the evidence.

We have responded to each presented question which merits any discussion.

The record does not disclose that the trial judge sentenced the defendant to pay the fine and costs. Crane v. State, 33 Ala.App. 284, 32 So.2d 784.

The judgment below is affirmed. The cause is remanded for proper sentence.

Affirmed. Remanded for proper sentence.