72 So.2d 107

## GREEN v. STATE.

### 8 Div. 356.

Court of Appeals of Alabama.

Feb. 9, 1954.

Rehearing Denied March 3, 1954.

510

Si Garrett, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

This is an appeal from a judgment of conviction for the offense of transporting prohibited liquors or beverages in quantities of five gallons or more. Title 29, § 187, Code 1940.

The evidence is in irreconcilable conflict.

H. T. Foster, Scottsboro, Scruggs & Scruggs, Guntersville, for appellant.

According to the testimony produced by the State, two officers observed a black Oldsmobile car as it passed a filling station. The automobile was going at a rapid rate of speed. The officers followed the vehicle in a chase that extended for about fifteen miles. They never were able to overtake the fast moving car in travel, nor could they identify the driver. At times they lost sight of the Oldsmobile, but the dust indicated to them the course it traveled.

The road on which they were traveling led to a fishing place. When they reached here, they observed a black Oldsmobile parked and not a great distance away the appellant was seen conversing with some fishermen.

In the car the officers found "eight or nine" pasteboard cartons. They did not examine the contents of these containers. The appellant admitted ownership of the Oldsmobile, but disclaimed any knowledge of the presence of the cartons in his car, and denied that he was the person the officers had chased. He testified that he came to the fishing place in his car and had been there for some time.

The pasteboard cartons were unloaded from the car and placed inside the county jail building. The sheriff was not present at the time, but he came later that day and observed nine cases of whiskey and one case of beer inside the building. He locked the cases in the liquor room.

The next morning the solicitor went to the jail and in the presence of the sheriff made a list of the number of cartons and their contents. He found:

"1 case containing 24 pints of Philadelphia Whiskey; 1 case containing 24 pints of Park & Tilford Kentucky Bred Whiskey; 1 case containing 24 pints of Tom Burns Special Reserve Whiskey; 2 cases containing in all 48 pints of Old Sunny Brook Whiskey; 1 case containing 24 pints of Paul Jones Whiskey; 2 cases containing in all 48 pints of Glenmore Whiskey; 1 case containing 24 pints of Old Hickory Whiskey; and another case containing 36 12-ounce cans of Budweiser Beer."

On the basis of this evidence it is insisted that the general affirmative charge was due the defendant or the court should have granted the motion for a new trial.

In the main the prosecution depended upon circumstantial evidence.

In the case of Clark v. State, 23 Ala. App. 467, 126 So. 896, we held in effect that the transportation feature or element of the statute could be established by circumstantial evidence, and that it was not essential to a conviction to prove that the transporting vehicle was seen actually in motion. In that case the automobile was found stuck in the mud, but we held that there was sufficient evidence from which the jury could draw the conclusion that the automobile had been traveling along the highway.

In the case at bar there was no positive evidence that the defendant was driving the car or that any whiskey was contained therein during the chase.

Again the circumstantial evidence must be taken into account.

Undisputably, the appellant owned and operated a black Oldsmobile automobile, and it was his car in which the pasteboard cartons were found. The chase traversed a road that led to the fishing place. The vision of the officers was at times obscured by the dust and the course of the highway, but the pursuit was continuous and uninterrupted.

The arresting officers did not examine the contents of the containers when they were taken from appellant's automobile, but we think that the evidence was sufficient to supply this link in the circumstances and to present a jury question on this aspect of the essential proof.

In our view the defendant was not due the general affirmative charge. Austin v. State, 36 Ala.App. 690, 63 So.2d 283.

Neither are we convinced that error should be predicated on the action of the court in overruling the motion for a new trial.

512

■ The court ruled against the position of appellant's attorney several times while the introduction of the evidence was in progress. Counsel failed to except to the rulings of the court in most instances. We will respond only to the rulings where exceptions were reserved. Tucker v. State, 36 Ala.App. 311, 55 So.2d 365; Bryant v. State, 36 Ala.App. 83, 52 So.2d 403; Bennett v. State, 248 Ala. 664, 29 So.2d 217.

■ In response to a question by appellant's attorney, one of the arresting officers stated that he did not know what the pasteboard cartons contained. Counsel then moved to exclude "any evidence about any cases delivered in the jail." This motion was entirely too general. Head v. State, 35 Ala.App. 71, 44 So.2d 441; Miller v. State, 21 Ala.App. 495, 109 So. 528; Ballard v. State, 36 Ala.App. 712, 63 So.2d 607; Jackson v. State, 31 Ala.App. 212, 14 So.2d 593.

It was material to show that the cases were taken out of defendant's car and placed in the jail building. The admissibility of this evidence did not depend on the knowledge of the witness as to the contents of the boxes. It is often impossible to supply every essential link in the evidence by the testimony of one witness.

■ The solicitor asked one of the officers whether or not he observed the name of any certain brand of whiskey on the outside of the cartons. Over objections, the witness replied: "I don't remember any particular name or writing. I just glanced at them."

Clearly this answer was not harmful to the appellant. Shouse v. State, 36 Ala. App. 614, 63 So.2d 722; Helms v. State, 254 Ala. 14, 47 So.2d 276.

■ The sheriff was asked whether or not he was present at the jail the next morning when the solicitor made a list of the contents of the cartons. This only related to a preliminary inquiry. The affirmative answer to this question, without more, could not have been prejudicial to the accused.

Referring to the cases which were placed in the jail, appellant's attorney asked the sheriff if he knew how long the containers had been there when he first saw them. The witness replied: "Not of my own knowledge."

Counsel then made the following motion: "We move to exclude all the testimony about what he saw at the jail. It has no connection with the defendant."

This motion was also too general. Authorities supra.

We have attempted to respond to each presented question which in our view merits any discussion.

The judgment below is ordered affirmed.

Affirmed.

On Rehearing

In brief on application for rehearing counsel states:

"The opinion of this Honorable Court in affirming this cause wholly pretermitted any discussion of the motion of the defendant to exclude the Circuit Solicitor's testimony about what he saw at the jail on the ground that no guilty connection with the defendant had been shown. The lower court overruled this motion and the defendant reserved an exception."

We did point out in our original opinion instances where the motions to exclude evidence were too general.

The solicitor testified somewhat at length as to what he saw at the jail the morning after the appellant was arrested. At the conclusion of his cross examination appellant's attorney made this motion: "We move to exclude all the testimony about what he saw at the jail. It has no connection with the Defendant."

■ Clearly everything the witness said concerning what he saw at the jail should not have been excluded. If the motion had been granted, this would have been the effect.

The authorities hold that if any part of testimony is admissible a motion to exclude the whole is properly overruled. See cases cited in original opinion.

Application for rehearing overruled.