105 So.2d 354

Leonard **DIXON**

v.

**STATE.**

**4 Div. 368.**

Court of Appeals of Alabama.

Aug. 19, 1958.

Rehearing Denied Sept. 9, 1958.

John Patterson, Atty. Gen., and Geo. Young, Asst. Atty. Gen., for the State.

L. H. Walden, Montgomery, and John C. Walters, Troy, for appellant.

CATES, Judge.

Dixon was indicted for and convicted of the felony of transporting prohibited liquors in quantities of five gallons or more—contrary to Code 1940, T. 29, § 187. He was adjudged guilty and sentenced to three years' penal servitude.

■ On the night of April 26–27, 1956, Mr. W. O. Catrett, an enforcement officer of the Alcoholic Beverage Control Board, started following a 1955 Buick Roadmaster northbound on U. S. Highway 231 in Pike County. After pulling up to the Buick and cutting on his siren, Catrett had to push his car 90 and sometimes over 100 miles an hour to keep up with the Buick. Some 20 miles farther (in Montgomery County) the two occupants of the Buick abandoned it and clambered up a high bank.

When the pursuing officers brought up some bloodhounds, Dixon came out of hiding. He confessed ownership of the car and its cargo, thirteen five-gallon glass jars of moonshine whiskey.

Dixon offered no evidence except to put Catrett on the stand to ask if the State's witnesses had held a pretrial conference to agree on what their testimony would be.

Catrett's testimony that the liquor tasted like moonshine whiskey, together with the sheriff's testimony that the State ABC Stores don't sell whiskey in five-gallon demijohns nor without revenue stamps, sufficed to show a prohibited liquor, Code 1940, T. 29, § 125, Austin v. State, 36 Ala.App. 690, 63 So.2d 283.

■ The charges refused the defendant, other than those requiring rejection because of their being affirmative in nature, touched on the principle that an attempt could be considered as a lesser included charge with transportation, and a single charge to the effect that the mere presence of the defendant in the car with another who was driving, was not sufficient evidence to convict.

The refusal of this latter charge was proper since the evidence showed more activity than the mere presence of the defendant.

■ A major rule of jury instruction is that a trial judge should refuse requested charges which—though they state a correct point of law—are nevertheless abstract because the subject matter of the charge finds no corresponding evidence in the trial upon which the jury might deliberate while bearing the instruction in mind. A ramification of this rule is that it is no error to refuse a charge as to finding the defendant guilty of a lesser included offense when the evidence is altogether of guilt of a higher offense or nothing. Kelly v. State, 235 Ala. 5, 176 So. 807; Brooks v. State, 36 Ala.App. 310, 55 So.2d 366; Lindsey v. State, 29 Ala.App. 25, 191 So. 474.

■■ Within this latter application of the rule against abstractness, we have a sub-refinement: a charge that guilt of an attempt is a permissible verdict becomes inappropriate where the evidence is undisputed as to the higher offense—or no offense, Brazier v. State, 25 Ala.App. 422, 147 So. 688; Edwards v. State, 33 Ala.App. 386, 34 So.2d 173; De Graaf v. State, 34 Ala.App. 137, 37 So.2d 130. See dictum Kelly v. State, supra, also in Miller v. State, 37 Ala.App. 470, 70 So.2d 811. There was no error in refusing to charge as to the possibility of a verdict of attempt because the evidence clearly showed an act of transportation.

In brief and in argument, Dixon contends that the transportation statute, § 187, supra, was repealed by the adoption of the 1940 Code, particularly T. 29, § 75. The essence of this argument is that one Code section can nullify another, by reason of the fact that the one coming into the statute later should take precedence over the earlier section. While there may be some field of operation for repeal by implication where a later enactment *necessarily* oper-

ates to exclude part or all of a former statute, nevertheless, as between sections of the Code, we see here no field of operation for this principle.

 The Code, on adoption, repeals all *omitted* former laws of a general and permanent nature, T. 1, § 9, Fore v. Alabama State Bridge Corp., 242 Ala. 455, 6 So.2d 508; and it is considered as an entirety—struck off by the mind of the legislator in a single act of law making. Being a cohesive unit, it must be harmonized if possible, Jenkins v. State, 245 Ala. 159, 16 So.2d 314; Smith v. Smith, 266 Ala. 118, 94 So.2d 863.

During argument to the jury, one of the solicitors said, "I am not going to stand here and talk to you very long, because you know as much about Leonard Dixon as I do. I am going on the assumption that the Court, in charging this Jury with the law, that the law and the facts—and I mean the uncontradicted facts—will permit of but one verdict," to which exception was taken by Dixon's counsel. It is urged that this was comment upon Dixon's failure to testify as prohibited by Code 1940, T. 15, § 305 as amended.

The expression "uncontradicted facts" may silhouette the absence of the defendant from the witness box, but it is not a positive assertion, either directly or indirectly, of a failure to testify. The fact that a defendant does not testify is always obvious to all twelve of the jurors and if the prosecutor were not allowed to comment on the evidence, "facts," because of the lack of evidence, the State would be hobbled in its right to argue the case to the jury. There was no error. Littlefield v. State, 36 Ala.App. 507, 63 So.2d 565; Welch v. State, 263 Ala. 57, 81 So.2d 901. We distinguish the language here from that which was offensive in Street v. State, 266 Ala. 289, 96 So.2d 686.

In Catrett's cross-examination, he was asked where he got the tag number which tipped him off as to the Buick carrying whiskey. The solicitor objected and requested that he be allowed to ask the witness if it was from a confidential source.

The court sustained the objection on the ground that it made no difference whether or not the source was confidential. The court's ruling was not an abuse of discretion. The disclosure of the identity of an informer (as distinguished from a participating decoy) is not ordinarily in the public interest save where needful to show the innocence of the accused. Parsons v. State, 251 Ala. 467, 38 So.2d 209; Underhill, Crim.Evid., 5th Ed., § 327; Brown v. State, 135 Tex.Cr.R. 394, 120 S.W.2d 1057; Hudson v. State, 156 Tex.Cr.R. 612, 243 S.W.2d 841, 245 S.W.2d 259.

We have examined the entire record as required by statute (Code 1940, T. 15, § 389), and find it free of any error prejudicial to any substantial rights of the defendant.

Affirmed.