132 So.2d 267

**J. W. PARKER**

v.

**STATE.**

**8 Div. 777.**

Court of Appeals of Alabama.

June 30, 1961.

Clark E. Johnson, Jr., Albertville, for appellant.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for State.

HARWOOD, Presiding Judge.

This appellant has been adjudged guilty of transporting prohibited alcoholic beverages in quantities of five gallons or more contrary to the provisions of Sec. 187, Tit. 29, Code of Alabama 1940.

Mr. W. M. Brown, a member of the Alabama State Highway Patrol, was the principal witness for the State. He testified that while patrolling the road in Marshall County, he observed an automobile stopped just off the road in front of a small building occupied by Mr. Shores as a residence.

Going to the car, he found the appellant seated under the steering wheel with Steve Kilgore also seated in the car and Mr. Shores standing nearby. Looking in the car, Mr. Brown found 4 one gallon glass jugs in a pasteboard carton and a fifth gallon jug on the front floor of the car. These jugs contained moonshine whiskey.

Mr. Brown did not remember whether the motor of the car was running at the time of his search, but reiterated on cross-examination that at all times he had observed the car it had been at a standstill.

For the defense Mr. Shores testified that the appellant knocked on his door about 4 o'clock in the morning and that at the time he was building a fire in the house. It was some ten or fifteen minutes before he and the appellant returned to the automobile.

In his own behalf the appellant testified that he and Kilgore had stopped by Mr. Shores' house; that he entered the house and remained there some ten or fifteen minutes when he and Shores walked back to his automobile. Upon opening the door he observed the carton and jug in the car and told Kilgore he would have to remove them. At this time Mr. Brown, the highway patrolman, drove up.

The appellant denied that any whiskey had been in the automobile prior to the time he stopped at Shores' house.

In rebuttal the State presented Kilgore as a witness. Kilgore testified that he had not observed any whiskey in the car at the time he and the appellant set off from the appellant's home in the automobile. He also testified that no one had placed any whiskey in the automobile during the time he remained therein while the appellant went to Shores' house, and the first time he observed the liquor in the car was when the patrolman arrived.

Undoubtedly some of the testimony presented below can be regarded as no more than the wandering of untamed fancy. Regardless, we are confronted on this review as to whether or not the evidence is sufficient to support the verdict, and whether the court erred in refusing the appellant's request for the affirmative charge.

In Carey et al. v. State, 206 Ala. 351, 89 So. 609, which was a condemnation case, we find the following statement:

"There can be no conveying and transporting by a car of whiskey without some movement of the car. There can be no conveying or transporting of whiskey by a car from one point to or toward another point in Alabama, without any movement of the car."

While it has been held that the charge of illegal transportation may be established by circumstantial evidence, and it is not essential to the conviction to prove that the transporting vehicle was seen actually in motion, an examination of the cases enunciating this doctrine discloses facts from which it could be said that the jury could reasonably infer that the automobile had moved with the whiskey in it.

In Green v. State, 37 Ala.App. 509, 72 So.2d 107, the officers had pursued an automobile for about fifteen miles. At times they lost sight of the car, but dust indicated its course. The road they were travelling led to a fishing camp. When they reached this camp they observed the car they had been following, and nearby the accused conversing with some fishermen. The pursued car was found to contain a large quantity of whiskey. The accused claimed that he had been at the fishing camp for some time, despite the hot pursuit by the officers.

Clearly under these facts it could be reasonably inferred that the accused had transported the whiskey found in his automobile.

In Clark v. State, 23 Ala.App. 467, 126 So. 896, the defendant was seen driving in an automobile which was later captured six miles away on the same road when the officers caught it stuck in a mud hole.

Again, these facts furnish an ample basis from which the jury could reasonably infer that the stalled automobile had been used in transporting the whiskey found therein.

In the present case the automobile of the appellant when observed by Mr. Brown, the highway patrolman, was standing still.

Clearly, five gallons of whiskey were in the automobile, but without resort to surmise, speculation, and conjecture, no conclusion can be reasonably arrived at as to when the whiskey was placed in the car. The appellant testified that the whiskey was not in the automobile when he stopped at Shores' house. The witness Kilgore who was presented by the State, and who had been in the automobile from the time it left the appellant's home until it arrived at Shores' house, and who allegedly had remained in the appellant's automobile while the appellant was absent therefrom for some ten to fifteen minutes, likewise testified that there had been no whiskey in the automobile up to the time of the arrival at Shores' house, and that no one had placed any whiskey in appellant's automobile during the time it was parked at Shores' house.

It might be noted that at the time Mr. Brown discovered the whiskey in the car, State's witness Kilgore told Mr. Brown, in reference to the whiskey, that he "would take it on myself," and that he had at a later time likewise told the Solicitor, "I would take it on myself."

Thus the undisputed evidence shows that the appellant's automobile was standing still at the time the whiskey was found therein. Nor can we find any evidence presented in the trial below, from which it could be reasonably inferred, that whiskey was in the automobile while it was in motion, and prior to it being stopped at Shores' house. To do so resort must be by surmise, speculation, and conjecture. Verdicts in criminal cases cannot rest on such evidence. Tunstill v. State, 33 Ala.App. 460, 34 So.2d 857; Grimes v. State, 38 Ala. App. 94, 76 So.2d 684.

It is our conclusion therefore that the lower court erred in denying the appellant's request for the affirmative charge.

Reversed and remanded.