226 So.2d 677

John Henry **FULLER**

v.

**STATE.**

6 Div. 393.

Court of Appeals of Alabama.

Sept. 9, 1969.

Michael J. Romeo, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and W. Mark Anderson, III, Sp. Asst. Atty. Gen., for the State.

CATES, Judge.

Fuller appeals from a judgment that he is guilty of robbing one Clifford Taylor. The jury set his punishment at ten years imprisonment.

Mr. Taylor was in charge of a Kar-go gasoline station October 30, 1967. He identified Fuller as one of two men who robbed him. He testified that Fuller was armed with a sawed off shotgun. Adolph Stoudemire also testified along the same lines.

Fuller's defense was alibi.

I

The first claim of error arises from the following episode during the State's cross examination of E. H. Holt, a character witness called by the defendant:

"Q You had heard that he was driving a car there that he used in and about his work there by you, or for you, there and on the front of that car were two tires stolen from Mr. Kincaid, who owned the Pure Station right next door there?

"MR. MOON: We are going to object, your Honor, unless he limits it to what he heard prior to October 30th.

"MR. BARNARD: Character, honesty and integrity—character until the very moment they take the stand is in issue.

"MR. MOON: My understanding is that it be limited to the time prior to the allegation in this case.

"THE COURT: I'll let him answer.

"MR. MOON: We accept.

"A Will you restate the question?

"THE COURT: Let's pinpoint it in time, then.

"Q At the time of his arrest for this offense here, had you heard or did you hear or had you heard up to this morning that the tires on the front of this man's automobile were stolen from Mr. Kincaid's filling station down here on the corner, right next door to your place of business?

"A After this man placed—

"Q Answer the question, Mr. Holt. Have you heard that?

"A Yes, I had heard it."

█ It is not needful to analyze this situation because the witness never answered the first question above quoted. Without an objection having been put to the restated question, we have no ruling of the trial judge for us to pass upon. Thompson v. State, 39 Ala.App. 569, 105 So.2d 146; Ellis v. State, 39 Ala.App. 325, 100 So.2d 725; Baldwin v. State, 282 Ala. 653, 213 So.2d 819.

## II

█ The second contention in brief for appellant is that the evidence was insufficient to have allowed the case to go to the jury. Part of the argument of this point the appellant rests on a claimed conflict between testimony of the State's own witnesses.

In Cooper v. State, 31 Ala.App. 356, 18 So.2d 420, we find:

" * * * Conflicting evidence should be reconciled by the jury, if possible, and if they can not reconcile it, they may base their verdict on that part of the testimony which they consider worthy of credit, and reject that which they deem to be unworthy of belief. Inconsistencies and contradictions in the testimony of a witness do not make it inherently improbable. * * *"

We consider that the State escaped the scintilla danger line in the degree of permissible inferences shown in its proof; this without resort to mere speculation and conjecture. See Ex parte Grimmett, 228 Ala. 1, 152 So. 263.

## III

█ Fuller's counsel complains that on several occasions the trial judge by interrogating witnesses:

" * * * taking over the prosecution's province he cast aside his cloak of impartiality and, in the minds of the jury, placed himself on the side of the prosecution to such an extent as to constitute reversible error."

McElroy, Law of Evidence in Alabama (2nd Ed.), § 121.04 states:

"Sec 121.04 TRIAL JUDGE MAY QUESTION WITNESSES. The trial judge may, in his discretion, propound questions, even leading questions, to witnesses, Sparks v. State, 59 Ala. 82, 87; [Lackey v. Lackey] Higginbotham v. State, 262 Ala. 45, 76 So.2d 761; McDaniel v. State, 24 Ala.App. 314, 135 So 421. But as a matter of fairness, the trial judge should be very careful in asking witnesses questions in a jury trial, so as to avoid creating the impression that he favors a particular party. Cook v. State, 36 Ala.App. 449, 57 So.2d 832."

Under the harmless error doctrine, we perceive no incurable prejudice to the defendant. Supreme Court Rule 45.

We have carefully reviewed the entire record under Code 1940, T. 15, § 389, and consider the judgment below is due to be

Affirmed.