278 So.2d 769

**Aaron DAVENPORT**

v.

**STATE.**

**3 Div. 171.**

Court of Criminal Appeals of Alabama.

May 29, 1973.

L. H. Walden, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Myron H. Thompson, Asst. Atty. Gen., for the State.

**W. J. HARALSON,** Supernumerary Circuit Judge.

The appellant was convicted of possession of marijuana and sentenced by the court to four years imprisonment and from this judgment he has appealed.

From the State's evidence it appears that on the night of August 1, 1971, Officer Conner of the Montgomery Police Department, in company with an informer, went to an address in Riverview Court where the officer saw the informer receive a package from the appellant. The package was turned over to the officer, who took it to Police Headquarters and delivered it to Detective J. H. Lisenby, of the Vice Squad. Officer Conner testified that he was not acquainted with the informer and had not seen him before the night in question when they proceeded to the above named address. Immediately before and after the package was delivered, he searched the informer thoroughly and found no other evidence of drugs.

Officer Lisenby testified that the results of his field test on the substance revealed it to be marijuana. The package was placed back in an envelope, sealed, initialed by Officer Lisenby, and placed in a locked drawer. Later, Officer E. E. Wright delivered it to State Toxicologist, James L. Small. The toxicologist testified that the matter in the envelope was tested and shown to be marijuana. At the trial, the envelope, the remaining substance, and the box in which it was kept were introduced into evidence. Besides some initials, the word "Blue" appeared on the envelope.

Later, the appellant was arrested on a warrant based on the grand jury's indictment. At the trial, he entered a plea of not guilty.

He did not testify at the trial, but offered Willie Mae Bowen as a witness. She testified that at the time of the incident, two white men came to her apartment; that she did not see them buy anything from the appellant, but did see them visit the apartment of Blue Harris.

At the conclusion of the State's testimony, the appellant made a written motion to be discharged because of the insufficiency of evidence and the failure of the State to make out a prima facie case. It was also contended that the court erred in overruling certain testimony offered by the State. The motion was overruled by the court, and the affirmative charge was denied. Appellant's motion for a new trial was overruled.

■ After a careful study of the testimony, the court is convinced that the State's evidence made a prima facie case, notwithstanding some inconsistencies and contradictions. This was a matter for the jury's consideration, and the verdict shows they were able to reconcile any inconsistencies and contradictions. Fuller v. State, 45 Ala.App. 133, 226 So.2d 677; Cooper v. State, 31 Ala.App. 356, 18 So.2d 420; Ex parte Grimmett, 228 Ala. 1, 152 So. 263.

■ Outside the presence of the jury, the court indicated that if the appellant testified it would allow the State to offer testimony of the appellant's twenty year old conviction of forgery. The court's proposed action was correct. This ruling was made by the court at the express request of the appellant's attorney and with the consent of the District Attorney. This ruling is in line with the rules set out in Title 7, §§ 434 and 435, Code of Alabama 1940, which provide that evidence of conviction of a witness for crimes involving moral turpitude may be introduced to impeach his testimony. Insofar as we are advised, the lapse of time from the date of the conviction does not toll nor affect the application of the statute in any respect. It has long been the law in Alabama to allow evidence of convictions of crimes in-

volving moral turpitude to be considered by the jury on the question of credibility.

On cross-examination, Detective Conner, was asked the name of the alleged informer several times. The objection of the District Attorney to each of these questions was sustained by the court on the theory that the answer would reveal privileged matter. The appellant contends this action of the court was error. We agree with this contention.

The principle which the trial court evidently had in mind in making the above rulings has been dealt with in several cases by our Appellate Courts. Parsons v. State, 251 Ala. 467, 38 So.2d 209; Tadlock v. State, 45 Ala.App. 246, 228 So.2d 859; Dixon v. State, 39 Ala.App. 575, 105 So.2d 354.

In none of these cases was the court dealing with a situation where the informer was present with the appellant at the commission of the charged offense nor was he a participant therein in the presence of the police officer.

In *Dixon*, supra, the informer had tipped an officer as to the tag number of the appellant's car, allegedly carrying whiskey. This court stated:

"The court sustained the objection on the ground that it made no difference whether or not the source was confidential. The court's ruling was not an abuse of discretion. The disclosure of the identity of an informer (*as distinguished from a participating decoy*) is not ordinarily in the public interest save where needful to show the innocence of the accused. Parsons v. State, 251 Ala. 467, 38 So.2d 209; Underhill, Crim. Evid., 5th Ed., § 327; Brown v. State, 135 Tex.Cr.R. 394, 120 S.W.2d 1057; Hudson v. State, 156 Tex.Cr.R. 612, 243 S.W.2d 841, 245 S.W.2d 259." (Emphasis added)

In McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) the court, quoting from Roviaro v. U. S., 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 said:

"The *Roviaro* case involved the informer's privilege, not at a preliminary hearing to determine probable cause for an arrest or search, but at the trial itself where the issue was the fundamental one of innocence or guilt. The petitioner there had been brought to trial upon a two-count federal indictment charging sale and transportation of narcotics. According to the prosecution's evidence, the informer had been an active participant in the crime. He 'had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported the drugs as charged.' 353 U.S., at 55, 77 S.Ct., at 625. The trial court nonetheless denied a defense motion to compel the prosecution to disclose the informer's identity.

"This Court held that where, in an actual trial of a federal criminal case, 'the disclosure of an informer's identity * * * is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action. * * *

\* \* \* \* \* \*

'We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.' 353 U.S., at 60–61, 62, 77 S.Ct., at 628. (Footnotes omitted.)

"The Court's opinion then carefully reviewed the particular circumstances of Roviaro's trial, pointing out that the informer's 'possible testimony was highly relevant \* \* \*,' that he 'might have disclosed an entrapment \* \* \*,' 'might have thrown doubt upon petitioner's identity or on the identity of the package \* \* \*,' 'might have testified to petitioner's possible lack of knowledge of the contents of the package that he "transported" \* \* \*,' and that the 'informer was the sole participant, other than the accused, in the transaction charged.' 353 U.S., at 63–64, 77 S.Ct., at 629–630. The Court concluded 'that, under these circumstances, the trial court committed prejudicial error in permitting the Government to withhold the identity of its undercover employee in the face of repeated demands by the accused for his disclosure.' 353 U.S., at 65, 77 S.Ct. at 630."

The general rule that the identity of an informer is privileged and may not be revealed, does not apply in the present set of facts, where the informer, at the instigation, and in the presence of the officer, was an active participant with the accused at the commission of the offense. Authorities, supra.

We find no other error injurious to the substantial rights of the appellant.

But the case must be reversed on account of the refusal of the court to admit cross-examination as to the identity of the informer.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the court.

The judgment below is hereby

Reversed and remanded.

All Judges concur.