Possession of marijuana contrary to law.
Sentence: four years in the penitentiary of the State of Alabama.
The appellant was indicted for "possession of marijuana contrary to law". At trial the jury found the defendant guilty as charged in the indictment. The trial court pronounced sentence and set sentence in the penitentiary of the State of Alabama for a period of four years. *Page 1356 
 I
The appellant, prior to trial, made a motion to suppress any and all evidence and assigned as grounds that the arrest, search and seizure of his person, property and premises in connection with this case were illegal. The trial court denied the motion to suppress.
The appellant made a motion to require disclosure of unidentified informer on the grounds that the name of the alleged informer would be material to his defense and also be material to the determination of the issue of probable cause. The trial court denied the motion to require disclosure of the unidentified informer.
At trial the arresting officer Lamar Hadden on direct examination testified that the appellant was arrested on the afternoon of February 3, 1975, approximately 4:45 P.M. on Highway 52 in Houston County, Alabama. At the time and place of the arrest appellant was driving his small, light blue Chevrolet and in the automobile with him was only one other occupant, Anna Marie Free.
Agent Hadden testified that after checking appellant's driver's license, he searched appellant's automobile, and found a brown bag containing green vegetable material on the rear floorboard partially under the rear seat behind the driver's seat; that he turned the brown bag containing green vegetable material over to Dale Carter, a criminalist at Enterprise Laboratories and the green vegetable material was marijuana.
On cross-examination Agent Hadden testified that some 20 to 25 minutes prior to stopping appellant he received information from an informer that the appellant Harry New, Jr. was enroute from Geneva County to Dothan or Houston County, with some marijuana.
The court sustained the objection to appellant's question to Agent Hadden, ". . and who did you receive this information from?"
In response to questions, Agent Hadden testified that he received the information from the informer over the telephone; that he had known the informer for several years and that the informer had furnished him reliable information in the past and that the informer told him he had seen Harry New place marijuana in the car and described the car to be a small, light blue, Chevrolet.
Agent Hadden said he saw the brown paper sack as soon as he stopped the car and after checking appellant's driver's license he made a search of the car without a warrant.
On redirect examination Agent Hadden testified that the informer had given him information in the past which proved to be true and correct.
Criminalist Dale Carter testified that the green vegetable material in the brown paper bag was 371.8 grams of marijuana.
After his testimony the State rested whereupon the defendant made a motion to exclude the evidence and motion for a directed verdict. The motions were denied.
The State was then permitted over objection to reopen the case and outside the presence of the jury examined the Circuit Clerk, Mrs. Julia Trant. She testified that the appellant pleaded guilty to unlawful possession of marijuana on May 17, 1974. Her testimony was outside the presence of the jury and its purpose was limited by the court to enable the court to properly charge the jury on whether the charge was a felony or a misdemeanor.
Anna Marie Free testified for the defense that on February 3, 1975, she and appellant were living together in Dothan. She said that she and appellant went from their home in Dothan to Pat Johnson's home in Malvern in appellant's car. Pat Johnson was the only one at home when they arrived but later Farrell Jackson and Mike Roney came. She further testified that she and appellant stayed there about three hours and while there drank some beer, smoked some pot and talked and that the marijuana they smoked was Pat's.
She further testified that Johnson went outside one time to check on gas for the *Page 1357 
heater, that Jackson and Roney came in about 30 minutes before she and appellant went back a different route.
She testified that appellant did not carry marijuana to Geneva County, that he did not have money to buy any and did not purchase any marijuana in Geneva County, that appellant did not have anything in his hands when he got in the car, that she did not see him place any marijuana in the car and that she did not know of any marijuana in the car before Mr. Hadden stopped them.
She testified Agent Hadden said he did not have a search warrant because the call was too fast. That he looked behind the seats and there was a paper bag on the floorboard in the back, and he pulled it out and it had marijuana in it, and that it was not readily visible from outside the car.
She testified that Pat Johnson told them a different way to return to Dothan and that the car she and appellant were in was a 1968 Chevy II.
Pat Johnson testified that appellant and Anna Marie Free came to his house on February 3, 1975, at about 1:00 or 2:00 o'clock and left around 4:30 or 5:00 o'clock and that he did not see appellant when the appellant got into his car to leave for his return trip.
On cross-examination, Pat Johnson testified that he told appellant not to go up "52" because of the police up "52."
He further testified that he did not put marijuana in appellant's car, but that they did smoke marijuana while appellant was down at his house in Malvern.
Farrell Jackson testified on direct examination that he and Mike Roney also resided in Pat Johnson's house on February 3, 1975, and he arrived home between 3:30 and 4:30 and that appellant maybe had a jacket or something in his hands when he left but not a bag of marijuana.
On cross-examination he testified he did not put marijuana in appellant's car.
Mike Roney testified that he saw appellant leave and did not notice anything in appellant's hands. Further, in response to: "But he didn't have anything in his hands when he left the house," he replied, "No sir, I don't believe so, no, sir."
On cross-examination Mike Roney testified that he had been convicted of violation of the Georgia Controlled Substances Act, for the possession of drugs.
Defense rested and the jury recessed. The next day the defendant made a motion for mistrial and assigned the grounds that district attorney took from the clerk an instrument and purported to offer it into evidence in the presence of the jury and stated that he wished to offer into evidence a court record.
The State in answer said the motion was untimely and stated it should have been made the day before, if at all. Motion was denied.
The appellant made a motion for a new trial which motion was denied.
 II
The appellant contends that the trial court erred in denying his motions for a directed verdict, exclusion of the evidence and for a new trial.
It is true that the courts of the State of Alabama have held that, in order to convict an accused of possession of illegal drugs, there must be evidence presented from which a jury could conclude beyond a reasonable doubt that such accused knew of the presence of drugs. But such knowledge could be established by circumstantial evidence. Parks v. State, 46 Ala. App. 722,248 So.2d 761; Rueffert v. State, 46 Ala. App. 36,237 So.2d 520; Daniels v. State, 49 Ala. App. 654, 275 So.2d 169.
The appellant cited Radke v. State, 52 Ala. App. 397,293 So.2d 312, affirmed, 292 Ala. 290, 293 So.2d 314, where appellant was merely present in a hamburger establishment and followed an enforcement officer and employee into a storeroom where employee got a box of marijuana down from a shelf as a basis of his defense that *Page 1358 
mere presence at the scene of the crime does not make an accused a party to the crime; but the court there further said:
 "But when the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown, along with any other incriminating evidence, the issue of the defendant's guilt should be submitted to the jury."
The appellant relies on Rueffert, supra, where the court said that where actual manucaption is not shown and constructive possession is relied on, the State must show beyond a reasonable doubt, in addition to constructive possession of narcotics that the accused knew of the presence of prohibited substances.
This court held in Parks, supra, where evidence showed appellant was a mere passenger sitting on the right front seat of automobile being driven by another and that the illegal drugs were contained in two sacks on the floorboard of automobile immediately behind driver's seat was insufficient to show defendant's possession.
In this case appellant was not a mere passenger but rather was the driver and owner of the automobile exercising possession, dominion and control of and over the automobile. It had been in his possession, dominion and control in Dothan, on the trip to Malvern and from Pat Johnson's home in Malvern to the place where Agent Hadden stopped it. He had been smoking "pot" at Pat Johnson's and in fact the marijuana was found partially under the rear seat behind himself and there was disputed evidence that the marijuana was visible.
The jury could properly find that the appellant had the required knowledge of the presence of the marijuana in addition to any constructive possession of it.
The trial court properly submitted to the jury the issue of whether the appellant possessed the marijuana unlawfully.
 III
The next point raised is that the trial court erred in failing to grant defendant's motion to suppress on the failure of the trial court to require the State to disclose to the defendant the name of the informer who allegedly provided information which resulted in the search, seizure and arrest.
The appellant cites Roviaro v. United States, 353 U.S. 53,77 S.Ct. 623, 1 L.Ed.2d 639, in which the court said:
 ". . . no fixed rule with respect to [the applicability of the government's privilege to withhold] disclosure [of an informer's identity] is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."
In Roviaro v. United States, supra, the informer was an active participant in the crime and he was the alleged purchaser of heroin. There the informer was the defendant's sole material witness, the informant had helped set up the criminal occurrence and had played a prominent part in it.
In Dixon v. State, 39 Ala. App. 575, 105 So.2d 354, we affirmed the trial court sustaining solicitor's objection to a question to arresting officer asking him where he got the tag number which tipped him off as to the Buick carrying the whiskey.
In that case the solicitor only objected and requested that he be allowed to ask witness if it was from a confidential source.
The trial court in sustaining the objection said that it made no difference whether or not the source was confidential. We held that the court's ruling was not an abuse of discretion. The disclosure of the identity of an informer, as distinguished from a participating decoy, is not ordinarily in the public interest save where needful to show the innocence of the accused. Parsons v. State, 251 Ala. 467, 38 So.2d 209. *Page 1359 
Appellant here had numerous witnesses to his activities and there is no evidence that the informer participated in any manner in the possession of the marijuana. The trial court did not abuse its discretion refusing disclosure of the identity of the informer as being in the public interest.
 IV
The appellant further contends that the trial court erred in failing to grant appellant's motion to suppress the evidence obtained in the warrantless search and seizure in that Officer Hadden did not possess sufficient evidence prior to the search to meet the burden of probable cause.
Agent Hadden testified that the informer had given him information in the past, which had proven reliable.
To meet the burden cast on it, the prosecution may justify the search of an automobile without a search warrant by establishing: (1) that there was prior reasonable cause for belief that the automobile contained articles which by law are subject to search and seizure, and (2) that the processing of a search warrant was impracticable because of imminence of escape or loss of evidence. Carroll v. United States, 267 U.S. 132,45 S.Ct. 280, 69 L.Ed. 543.
Reliability of information supplied by informer in the past to the witness satisfied probable cause. McCray v. Illinois,386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62.
The best generally accepted definition of "probable cause" is quoted in Neugent v. State, Ala., S.Ct.Ms. 1679, June 4, 1976, from Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280,69 L.Ed. 543, where the question of probable cause was an issue in the issuance of a search warrant, and it applies here also in that it exists where:
 ". . . the facts and circumstances within their [the officers'] knowledge and of which they had reasonable trustworthy information [are] . . . sufficient in themselves to warrant a man of reasonable caution in the belief that [an offense has been or is being committed] . ."
[Bracketed material added.]
In this case, the informer told Agent Hadden that he had seen appellant place the marijuana in appellant's small, blue Chevrolet and that this informer having given him reliable information in the past satisfies the first requirement set out in Carroll v. United States, supra. The second requirement that the processing of a search warrant was impracticable because of the imminence of escape or loss of evidence is met in that appellant was in a moving automobile on a public highway.
There was sufficient evidence to meet the burden of proof to find probable cause for Agent Hadden to stop and search appellant's Chevrolet, seize the marijuana and charge the appellant with possessing marijuana unlawfully.
We have carefully considered the record under the Code of 1940, T. 15, § 389, including the following:
a. Circuit Clerk certificate of appeal,
b. Indictment of grand jury,
c. Motion to suppress,
d. Motion to require disclosure of informer,
e. Judgment of the court,
f. Motion for directed verdict,
g. Motion for a new trial,
h. Official Court Reporter's transcript of testimony,
i. Appellant's brief, and
j. Appellee's brief.
From this examination, we conclude that error is not made to appear.
The foregoing opinion was prepared by Honorable WALTER G. BRIDGES, Circuit Judge, temporarily on duty on the Court of Criminal Appeals pursuant to subsection (4) of § 38, T. 13, Code of Alabama 1940, re-compiled 1958; the Court has adopted this opinion as its own.
The judgment below is hereby
AFFIRMED.
TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur. *Page 1360