Anthony Patterson was indicted and convicted for rape in the first degree in violation of Alabama Code 1975, § 13A-6-61, and sodomy in the first degree in violation of § 13A-6-63. Patterson was sentenced in each case as an habitual offender to life imprisonment without parole.
On appeal, he contends that the evidence is insufficient to support his convictions. Specifically, Patterson contends that the State's own evidence points to someone else as being the guilty party.
The nine-year-old victim testified that one morning in early June, after her mother had left for work, her stepfather, this appellant, "licked" her in her vagina. The next day, Patterson had sexual intercourse with her. Patterson was twenty-nine years old. The child testified that this continued over the next nine days. After that the child moved and lived with her grandmother. She did not complain because Patterson threatened to whip her with an extension cord, as he had done in the past. The victim's testimony alone establishes a prima facie case of sodomy and rape. Jackson v. State, 375 So.2d 558, 560
(Ala.Cr.App. 1979); Baxter v. State, 360 So.2d 64, 67
(Ala.Cr.App. 1978). The child also testified that no one else other than Patterson had sex with her at any time.
Patterson bases his argument on the testimony of State's witness Jenny Killough, L.P.N. at the Lister Hill Health Care Center, where the prosecutrix was examined on July 12, 1983. Nurse Killough assisted in the examination and testified that the child's vagina was "extremely large for her age", that it was lacerated, that the vaginal area was infected (vaginitis), and that the vagina was "very red". On July 25th, the prosecutrix returned for a "recheck" and "everything was normal again."
On cross examination, the nurse testified that the lacerations or tears were caused by trauma to the child's vagina which was "fresh" and "had not begun to heal at all." She stated that there would have been no *Page 285 
trauma if the child had last had intercourse on June 1st and that normally the trauma would heal within two weeks.
Patterson argues that the State's own evidence points to someone else being the guilty party because there was fresh trauma to the child's vagina almost one month after he "had had any opportunity to do any of the things he was accused of doing."
Where the State presents a prima facie case, the resolution of conflicting testimony on the part of State witnesses is for the jury. Carter v. State, 420 So.2d 292, 294 (Ala.Cr.App. 1982); Davenport v. State, 50 Ala. App. 321, 322, 278 So.2d 769
(1973); Fuller v. State, 45 Ala. App. 133, 135, 226 So.2d 677
(1969); Miller v. City of Birmingham, 44 Ala. App. 628, 631,218 So.2d 281 (1969).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.